IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL STAR REGISTRY OF ILLINOIS, LTD., an Illinois Corporation, ) ) ) | |
| ) | Civil Action No. |
| Plaintiff, ) ) | |
| v. ) ) | |
| RGIFTS LIMITED, a UK Company, ) ) | |
| and, ) ) | |
| MATEI SUPPLY CORP., a California Corporation, ) ) ) | |
| Defendants. ) | |

**COMPLAINT**

**NATURE AND STATUTORY BASIS OF ACTION**

1.   This is an action for (a) Federal Trademark Infringement under the laws of the United States, as provided for by Title 15, United States Code, Section 1114; (b) Unfair Competition under the laws of the United States, as provided for by Title 15, United States Code, Section 1125(a); (c) Illinois Trademark Infringement and Unauthorized Use of a Trademark; (d) Illinois Deceptive Trade Practices and Consumer Fraud; (e) Common Law Unfair Competition; and (f) Dilution under Illinois law.

**THE PARTIES**

2.   Plaintiff, International Star Registry of Illinois, Ltd., is an Illinois corporation having its principal place of business at 1461 Paddock Dr., Northbrook, IL 60062.

3.   On information and belief, Defendant, RGifts Limited, (hereinafter sometimes referred to as ``RGifts'' or ``Defendant'') is a company existing under the laws of the United Kingdom,

having its principal place of business at Unit 5, Compass
Business Park, Pacific Road, Ocean Way, Cardiff, CF24 5HL, that
does business under a variety of names in the U.S., including
''Star-Name-Registry,'' ''Starrisky Star Registry,'' ''Cosmos
International Star Registry,'' and others.

4.    On information and belief, Defendant, Matei Supply
Corp., (hereinafter sometimes referred to as ''Matei'' or
''Defendant'') is a corporation existing under the laws of
California, having its principal place of business at 6131 Beech
Ave., Orangevale, CA 95662. RGifts and Matei are at times
collectively referred to hereinafter as ''Defendants'', which
depending upon the circumstances Defendants could refer to the
action or actions, of, where appropriate, one or both Defendants
and/or the collective or concerted actions of both Defendants
together.

5.    The Defendants have, on information and belief,
produced, distributed or offered for sale the services and
products, as will be subsequently described within this
Complaint, which form the basis for the violations of Federal and
Illinois laws alleged herein. The Plaintiff and, on information
and belief, Defendants market their respective services and
products to prospective purchasers within the Northern District
of Illinois, Eastern Division.

## JURISDICTION AND VENUE

6.    This action is for Federal trademark infringement and
unfair competition involving claims arising under the Trademark
Act of the United States, commonly known as the Lanham Act 15

U.S.C. §§ 1051 *et seq.*, and for state common law trademark infringement, injury to business reputation and dilution, deceptive trade practices, deceptive business practices, and unfair competition under the laws of the State of Illinois, involving claims arising under the Illinois Anti-Dilution Act, 765 ILCS 1036/1 *et seq.*, the Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.* and the Common Law.

7.    This Court has subject matter jurisdiction over the Federal Claims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 1121, and has subject matter jurisdiction over the state law claims under 28 U.S.C. § 1338(b) and under supplemental jurisdiction, 28 U.S.C. § 1367, since these claims are joined with substantial and related claims under the trademark laws of the United States, and are related to claims in the action within such original jurisdiction that they form part of the same case or controversy or derive from a common nucleus of operative facts.

8.    Venue properly lies within the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(b) and (c), as, on information and belief, these causes of action arise as a result of Defendants' doing and/or having transacted business in this Judicial District, or having entered into contractual relationships with one or more entities in this Judicial District, or having offered to sell, or otherwise distribute products or making products and/or services available or by promoting infringing marks to prospective purchasers within this District, and marketing products and/or services, bearing or in

conjunction with, infringing marks within this District, and wherein Plaintiff has significant business interests and sales in this Judicial District.

9. The Court may exercise specific personal jurisdiction over Defendants in this matter, as Plaintiff's claims arise out of Defendants' activities targeted to Illinois consumers. Further, Defendants have submitted to jurisdiction in the Northern District of Illinois pursuant to the Illinois "long arm statute," 735 ILCS 5/2-209, by "the transaction of any business" in or to Illinois. *See* 735 ILCS 5/2-209(1). Specifically, on information and belief, Defendants advertise, market, distribute, and/or sell services and products, which use Plaintiff's marks or confusingly similar marks to those of the Plaintiff with such uses or materials targeted to the citizens of this District. Defendants' online order forms have no geographical limitations and accept data for orders specifically identifying Illinois and Chicago. On further information and belief, the orders of Defendants' products are fulfilled by Matei Supply Corp. in the United States and shipped to citizens in this District, and, on information and belief, an owner of Defendant Matei Supply Corp., Emanuel Matei, and is identified as a Manager, namely the Order Fulfillment Manager, of Defendant RGifts Limited.

10. The foregoing contacts comprise minimum contacts with Illinois such that both Defendants were aware that legal action could be brought in Illinois, this action arose out of the

4

Defendants' contacts with Illinois and it is reasonable to require the Defendants to litigate in Illinois.

### PLAINTIFF'S RIGHTS

11.  Since 1979, Plaintiff has been continually engaged in the business of providing the service of naming stars for members of the public. The Plaintiff has identified a large number of unnamed stars and created a gift package including original and creative materials for presentation to an individual if a star is to be named after them. For a small fee, the Plaintiff will assign names of individuals to such stars as a gift or remembrance item for a friend or loved one.

12.  The unique star identification materials sent by Plaintiff to customers ordering a star to be named, or after whom a star has been named, include: a decorative certificate suitable for framing, bearing a gold seal, identifying the star and the new name of the star; a cover letter from the Plaintiff; a constellation chart to aid in the location of the star by showing constellations, drawn and created by an employee of Plaintiff; and, a detailed star map showing a portion of the sky with the customer's star marked thereon. Also, the materials include a booklet by Dr. James J. Rickard and formerly by Dr. T. Harry Leith (both noted Doctorates in Astronomy) to promote an interest in astronomy. The star naming package is packed in a flat cardboard carton measuring 12 x 16 inches and sent directly to the customer.

13.  The star identification package, contents, and format have been used continuously by Plaintiff for many years in its

business of naming stars for customers, and have acquired a secondary meaning whereby they are associated with the Plaintiff by members of the public familiar with Plaintiff and Plaintiff's services and products associated with astronomy.

14. Plaintiff has adopted several trademarks and service marks on or in association with its advertising for its star identification packages in order to identify its services to the public, including the service mark, trademark, and trade name **INTERNATIONAL STAR REGISTRY**, and the service mark and trademark **STAR REGISTRY**, and the service mark and trademark **STARREGISTRY.COM**, which marks have come to be known by members of the public as identifying Plaintiff and Plaintiff's star naming services and star naming packages and literature associated with astronomy. Plaintiff also owns rights to the domain names **STARREGISTRY.COM** and **STARNAMEREGISTRY.COM**.

15. The Plaintiff maintains a directory and publishes books, which list each star by the designated name and show the coordinates for the identified star.

16. The Plaintiff has registered in the United States Patent and Trademark Office the mark **INTERNATIONAL STAR REGISTRY** as Registration No. 1,420,543, issued on December 9, 1986. This registration issued upon the Principal Trademark Register and is in full force and effect. A Section 8 & 15 Declaration was approved for this registration and the registration has long since achieved "incontestable" registration status. A copy of this Registration is attached as Exhibit A. Plaintiff has also registered in the United States Patent and Trademark Office upon

6

the Principal Trademark Register the mark **INTERNATIONAL STAR REGISTRY** as Registration No. 2,101,458, and the mark **STAR REGISTRY** as Registration No. 2,101,459, both registrations issued on September 30, 1997. Copies of these Registrations are attached as Exhibits B and C, respectively, and both registrations have also long since achieved ''incontestable'' registration status. Plaintiff additionally has registered the mark **STARREGISTRY.COM**, Registration No. 2,584,337, which registration issued on June 25, 2002. This registration is in full force and effect, and this registration has also long since achieved ''incontestable'' registration status with a copy or the registration attached as Exhibit D. In addition, Plaintiff has registered in the United States Patent and Trademark Office upon the Supplemental Register the mark **INTERNATIONAL STAR REGISTRY** as Registration No. 1,356,046, issued on August 20, 1985. A copy of this Registration is attached as Exhibit E.

17. Plaintiff has spent considerable sums of money in promoting and advertising its business under the service marks, trademarks, and trade names **INTERNATIONAL STAR REGISTRY**, **STAR REGISTRY**, and **STARREGISTRY.COM** throughout the United States, including advertising in major metropolitan areas such as Chicago, New York, Los Angeles, and many other areas.

18. Plaintiff has made sales in excess of Four Million Dollars ($4,000,000.00) annually based on average sales over the past twenty-five (25) years for the service of naming stars, all under Plaintiff's well-known service marks, trademarks, and trade names.

19. Plaintiff has named over two million (2,000,000) stars for persons throughout the United States, including Illinois and this District.

20. Plaintiff's advertising and extensive sales throughout the United States have created a substantial amount of goodwill in Plaintiff's service marks, trademarks, and trade names and has created an excellent reputation for Plaintiff under the service marks, trademarks and trade names **INTERNATIONAL STAR REGISTRY**, **STAR REGISTRY**, and **STARREGISTRY.COM.**

21. In publicizing, promoting, advertising and fulfilling its products and services, the Plaintiff has incurred expenses in excess of Four Million Dollars ($4,000,000) in the last four years alone. The marks **INTERNATIONAL STAR REGISTRY, STAR REGISTRY, and STARREGISTRY.COM** have been widely promoted in connection with the Plaintiff's products and services. Promotional or advertising activities have included network television advertising or publicity, radio advertising, magazine advertising, newspaper advertising and a multitude of other activities associated with promoting the service marks, trademarks, and trade names **INTERNATIONAL STAR REGISTRY**, **STAR REGISTRY**, **STARREGISTRY.COM**. It is estimated that over one billion (1,000,000,000) consumer impressions of the marks **INTERNATIONAL STAR REGISTRY** and **STAR REGISTRY** and **STARREGISTRY.COM** are calculated to have occurred annually over the past twenty-five (25) years.

22. Plaintiff has, for a long time, maintained an eight hundred (800) area code telephone number listing under the service marks **INTERNATIONAL STAR REGISTRY, STAR REGISTRY**, and **STARREGISTRY.COM** for taking telephone orders from customers, and

8

these service marks have acquired a secondary meaning associated exclusively with Plaintiff and Plaintiff's business. Customers often identify Plaintiff as **INTERNATIONAL STAR REGISTRY, STAR REGISTRY**, and **STARREGISTRY.COM** in their correspondence and conversations with Plaintiff.

23. Plaintiff has prepared original promotional pamphlets and materials which have been widely distributed throughout the United States, which have developed a secondary meaning and appearance associated in the mind of consumers as indicating Plaintiff and Plaintiff's services and products.

24. As a result of the extensive advertising, sales, word of mouth advertising and editorial comment in newspapers and other publications throughout the United States, Plaintiff has developed valuable goodwill symbolized by Plaintiff's service marks, trademarks, and trade names and the distinctive fulfillment materials, advertising brochures and material distributed by Plaintiff.

25. A representative sampling of Plaintiff's use of the service marks, trademarks, and trade names **INTERNATIONAL STAR REGISTRY, STAR REGISTRY**, and **STARREGISTRY.COM** in connection with various services and products and on marketing materials for promoting these services and products are shown on Exhibits F, G, and H.

26. Plaintiff continues to enjoy great success in selling services and products associated with the service marks, trademarks, and trade names **INTERNATIONAL STAR REGISTRY, STAR REGISTRY**, and **STARREGISTRY.COM.**

27. The service marks, trademarks, and trade names **INTERNATIONAL STAR REGISTRY, STAR REGISTRY**, and **STARREGISTRY.COM**

are of substantial value to the Plaintiff. For more than twenty five (25) years of Plaintiff's use of the service marks, trademarks, and trade names **INTERNATIONAL STAR REGISTRY, STAR REGISTRY**, and **STARREGISTRY.COM**, great effort and substantial sums of money have been expended by Plaintiff in the development, marketing, promotion and sale of Plaintiff's services and products using these marks and trade names and in making these marks and trade names familiar to the trade and consuming public for such services and products provided by the Plaintiff.

28. As a result of these activities, the Plaintiff's marks and trade names have gained widespread public recognition and goodwill, and the trade and consuming public have come to associate these marks with the Plaintiff. Based upon the foregoing uses of the marks and names **INTERNATIONAL STAR REGISTRY, STAR REGISTRY**, and **STARREGISTRY.COM**, consumers, the trade and others have come to recognize products and services under the marks and trade names as being associated with, affiliated with, or sponsored by a single source of origin.

<u>**DEFENDANTS' ACTIONS**</u>

29. Notwithstanding the Plaintiff's well-known and prior established rights in its service marks, trademarks, and trade names **INTERNATIONAL STAR REGISTRY, STAR REGISTRY**, and **STARREGISTRY.COM**, the Defendants commenced use or promoted the use or distribution or sale of services or products using the name **INTERNATIONAL STAR REGISTRY** and held themselves out as **INTERNATIONAL STAR REGISTRY** on the Internet, including websites such as on trustpilot.com. Exhibits I, J, and K on information and belief, show examples of the Defendants' use on the Internet of the trade name, trademark and service mark **INTERNATIONAL STAR**

**REGISTRY.** Defendants used this name for the sale and distribution of star naming materials, which are similar and compete with the type of star naming materials of Plaintiff. These services and products could be sold in the same or similar channels of trade, to the same or similar prospective purchasers as those of Plaintiff's services and products sold under the service marks, trademarks, and trade names **INTERNATIONAL STAR REGISTRY, STAR REGISTRY**, and **STARREGISTRY.COM.**

30. Defendants also commenced use or promoted the use or sale of services or products using the same or confusingly similar marks or names to those of the Plaintiff as aforementioned herein, including, as at times, using the trademarks or names, **INTERNATIONAL-STAR-REGISTRY, STAR REGISTRY, STAR-REGISTRY, INTERNATIONAL STAR REGISTER, STAR-REGISTER.ORG, STAR NAME REGISTRY, STAR-NAME-REGISTRY, STAR-NAME-REGISTRY.COM,** or variations of these names and marks (variations thereof will be hereinafter defined to include, but not be limited to, marks which encapsulate one or more of these marks) upon, or in association with the Internet for the sale and distribution of star naming materials which are similar and compete with the type of star naming materials of Plaintiff. These services and products could be sold in the same or similar channels of trade, to the same or similar prospective purchasers as those of Plaintiff's services and products sold under the service marks, trademarks, and trade names **INTERNATIONAL STAR REGISTRY, STAR REGISTRY**, and **STARREGISTRY.COM.** Furthermore, on information and belief, Defendants chose the domain name **STAR-NAME-REGISTRY.COM**, which is confusingly similar to Plaintiff's domain name **STARNAMEREGISTRY.COM**, to deceive those familiar with

11

Plaintiff's trademarks, service marks or trade name into falsely believing that Defendants' products and services emanate from or are associated with Plaintiff. Exhibits L, M, N, O, P and Q, on information and belief, show examples of the Defendants' use of the confusingly similar service marks, or trademarks or trade names or variations thereof as listed above.

<u>**COUNT I**</u>
<u>**FEDERAL TRADEMARK INFRINGEMENT**</u>

31.  As a complete and first ground for relief, Plaintiff hereby alleges that the Defendants have committed Federal Trademark Infringement under the laws of the United States, as provided for by Title 15, United States Code, Section 1114, and re-alleges Paragraph Nos. 1 through 30 of this Complaint as if set forth in full.

32.  Defendants' unauthorized use in commerce of Plaintiff's marks **INTERNATIONAL STAR REGISTRY, STAR REGISTRY,** and **STARREGISTRY.COM** or variations thereof by way of sale of services or products or online advertising and promotional efforts are likely to result in confusion, deception, or mistake and therefore constitute infringement of Plaintiff's registered trademarks pursuant to 15 U.S.C. § 1114.

33.  Defendants have used, and/or are continuing to use, Plaintiff's marks **INTERNATIONAL STAR REGISTRY, STAR REGISTRY,** and **STARREGISTRY.COM** or variations thereof with full knowledge of Plaintiff's prior and extensive rights in its **INTERNATIONAL STAR REGISTRY, STAR REGISTRY, and STARREGISTRY.COM** marks, and with an intent and purpose to trade upon the goodwill of Plaintiff's **INTERNATIONAL STAR REGISTRY, STAR REGISTRY, and STARREGISTRY.COM**

12

marks. The Defendants' infringement is thus willful and deliberate.

## COUNT II
## FEDERAL UNFAIR COMPETITION

34.  As a complete and second ground for relief, Plaintiff hereby alleges that the Defendants have committed Unfair Competition as defined under the Trademark Laws of the United States, and in particular 15 U.S.C. § 1125(a), and re-alleges and incorporates herein by this reference the allegations contained in paragraphs 1-30 and 31-33 of this Complaint as if set forth in full.

35.  Defendants' use of the service marks, trademarks, and trade names **INTERNATIONAL STAR REGISTRY**, **INTERNATIONAL-STAR-REGISTRY, STAR REGISTRY, STAR-REGISTRY, INTERNATIONAL STAR REGISTER, STAR-REGISTER.ORG, STAR NAME REGISTRY, STAR-NAME-REGISTRY, STAR-NAME-REGISTRY.COM,** or variations thereof is causing, and is likely to cause, confusion and mistake with Plaintiff's services and products, sold in connection with the marks and names **INTERNATIONAL STAR REGISTRY, STAR REGISTRY**, and **STARREGISTRY.COM**, or the Plaintiff's business so as to deceive the consumers, the trade and others, and thereby constitutes an infringement of the Plaintiff's rights through unfair competition.

36.  The Defendants have used or are using the service marks, trademarks, and trade names **INTERNATIONAL STAR REGISTRY**, **INTERNATIONAL-STAR-REGISTRY, STAR REGISTRY, STAR-REGISTRY, INTERNATIONAL STAR REGISTER, STAR-REGISTER.ORG, STAR NAME REGISTRY, STAR-NAME-REGISTRY, STAR-NAME-REGISTRY.COM,** or variations thereof in commerce in connection with the

13

distribution, promotion, advertising and sale to the consuming public and trade of nearly identical types of products and services to those offered by the Plaintiff under its marks and names.

37. Defendants' conduct in the designation of nearly identical types of products and services to those offered by the Plaintiff, together with star naming materials or fulfillment materials with similarities to the type of materials offered by the Plaintiff, will increase the likelihood of confusion between Defendants' marks and names and the Plaintiff's marks and names.

38. Upon information and belief, the marks **INTERNATIONAL STAR REGISTRY**, **INTERNATIONAL-STAR-REGISTRY, STAR REGISTRY**, **STAR-REGISTRY**, **INTERNATIONAL STAR REGISTER**, **STAR-REGISTER.ORG, STAR NAME REGISTRY**, **STAR-NAME-REGISTRY, STAR-NAME-REGISTRY.COM,** or variations thereof were selected, or used, or continued to be in use by Defendants in order to trade upon the reputation and goodwill of Plaintiff. Defendants seek to reap where Defendants have not sown.

39. Persons familiar with Plaintiff's service marks, trademarks, and trade names and the business of the Plaintiff and/or Plaintiff's advertising or star naming materials, are likely to be confused, mistaken and/or to be deceived upon seeing Defendants' use of the marks and names **INTERNATIONAL STAR REGISTRY**, **INTERNATIONAL-STAR-REGISTRY, STAR REGISTRY**, **STAR-REGISTRY**, **INTERNATIONAL STAR REGISTER**, **STAR-REGISTER.ORG, STAR NAME REGISTRY**, **STAR-NAME-REGISTRY, STAR-NAME-REGISTRY.COM**, or variations thereof, in connection with Defendants' advertising and promotion of products and services, and to believe that Plaintiff's and Defendants' businesses are one and the same, or

14

that Defendants' businesses are endorsed by, sponsored by, associated with, or in some way connected with Plaintiff or Plaintiff's business.

40. Defendants' use of Plaintiff's service marks, trademarks, and trade names in distinctive advertising is likely to cause confusion, mistake and/or to deceive those familiar with Plaintiff, Plaintiff's trademarks, Plaintiff's products or services, or Plaintiff's trade name into falsely believing that Defendants' products and services and business emanate from or are associated with Plaintiff. Defendants have, on information and belief, through such use, or continued use, after notice of said wrongful conduct, intentionally and willfully attempted to trade upon the goodwill of Plaintiff in its marks, trade names, advertising materials and fulfillment materials.

41. On information and belief, unsuspecting members of the public have already been confused and deceived into believing that Defendants and Defendants' businesses are sponsored by, associated with, and/or are the successors to, Plaintiff's business.

42. Defendants' advertising and sale of star naming services and star naming materials has injured and will continue to damage and injure Plaintiff's reputation and goodwill among the public.

43. Defendants' use in commerce of the service marks, trademarks and trade names **INTERNATIONAL STAR REGISTRY**, **INTERNATIONAL-STAR-REGISTRY, STAR REGISTRY**, **STAR-REGISTRY**, **INTERNATIONAL STAR REGISTER**, **STAR-REGISTER.ORG, STAR NAME REGISTRY**, **STAR-NAME-REGISTRY, STAR-NAME-REGISTRY.COM**, or variations thereof in connection or association with Defendants'

15

marketing, internet promotion and sale to the consuming public of their star naming services and products constitutes a misappropriation of the distinguishing and identifying features which Plaintiff created through substantial effort and expense, thus evoking from the trade, consumers and others an immediate commercial impression or association favorable to Defendants, based on and derived from Plaintiff's service mark, trademark, and trade name **INTERNATIONAL STAR REGISTRY, STAR REGISTRY**, and **STARREGISTRY.COM** and the goodwill associated therein.

44. Defendants' use of the service marks, trademarks, and trade names **INTERNATIONAL STAR REGISTRY**, **INTERNATIONAL-STAR-REGISTRY, STAR REGISTRY**, **STAR-REGISTRY**, **INTERNATIONAL STAR REGISTER**, **STAR-REGISTER.ORG, STAR NAME REGISTRY**, **STAR-NAME-REGISTRY, STAR-NAME-REGISTRY.COM**, or variations thereof, including but not limited to Defendants holding themselves out as **INTERNATIONAL STAR REGISTRY**, constitutes false representations that Defendants have some connection or association with, or sponsorship by Plaintiff, and that the services and products identified with Plaintiff are available from Defendants.

45. Said actions of Defendants constitute violations of 15 U.S.C. § 1125(a) in that such false designation and representations of origin and quality are used on or in connection with the services and products that Defendants cause to enter into, or to affect commerce, which may lawfully be regulated by Congress.

46. As a result of these misappropriations, Plaintiff has been irreparably damaged and, unless Defendants' infringing activities are enjoined, the Plaintiff will continue to suffer irreparable injury to its property and goodwill. Unless

16

Defendants' unfair and infringing acts are restrained, the serious damage suffered by Plaintiff will continue to cause Plaintiff irreparable harm.

47.   Plaintiff has requested in written communications to Defendants or their representatives to refrain from infringing conduct in the use of the Plaintiff's marks **INTERNATIONAL STAR REGISTRY, STAR REGISTRY**, and **STARREGISTRY.COM.** However, Defendants have continued the use of Plaintiff's marks **INTERNATIONAL STAR REGISTRY** and **STAR REGISTRY**, as well as confusingly similar marks including **INTERNATIONAL-STAR-REGISTRY, STAR-REGISTRY, INTERNATIONAL STAR REGISTER, STAR-REGISTER.ORG, STAR NAME REGISTRY, STAR-NAME-REGISTRY, STAR-NAME-REGISTRY.COM,** or variations thereof. Plaintiff previously sent a written communication to Defendant RGifts requesting RGifts' compliance, and with Defendants thereafter continuing in their wrongful and infringing conduct. These facts evidence RGifts' bad faith in continuing or in re-instituting use of marks and names of Plaintiff after receiving actual notice of Plaintiff's charges of infringement. Additionally, further evidence of Defendants' wrongful intent and willfulness in infringement is the fact that Defendants have portrayed themselves to the public under Plaintiff's identical trademark, service mark and trade name **INTERNATIONAL STAR REGISTRY** (*see* Exhibits I, J and K)..

<u>COUNT III</u>

<u>ILLINOIS TRADEMARK INFRINGEMENT, CONSUMER FRAUD, AND DECEPTIVE TRADE PRACTICE</u>

48.   Plaintiff re-alleges paragraphs 1-30, 31-33, and 34-47 of this Complaint as though the same were fully set forth in this Count III.

49.   Defendants have misappropriated and unlawfully exploited the valuable property rights and goodwill of Plaintiff in its marks and names **INTERNATIONAL STAR REGISTRY, STAR REGISTRY**, and **STARREGISTRY.COM** through the use of the same or confusingly similar service marks, trademarks, and trade names **INTERNATIONAL STAR REGISTRY**, **INTERNATIONAL-STAR-REGISTRY, STAR REGISTRY**, **STAR-REGISTRY**, **INTERNATIONAL STAR REGISTER**, **STAR-REGISTER.ORG, STAR NAME REGISTRY**, **STAR-NAME-REGISTRY, STAR-NAME-REGISTRY.COM**, or variations thereof. As a result of these misappropriations, Plaintiff has been damaged and, unless Defendants' infringing activities are enjoined, the Plaintiff will continue to suffer irreparable injury to its property and goodwill, including destruction of the business value of the Plaintiff's marks, names and reputation, and Defendants will be unjustly enriched thereby.

50.   These acts enable Defendants to unfairly compete with Plaintiff and to deceive others by the use of the service marks, trademarks, and trade names **INTERNATIONAL STAR REGISTRY**, **INTERNATIONAL-STAR-REGISTRY, STAR REGISTRY**, **STAR-REGISTRY**, **INTERNATIONAL STAR REGISTER**, **STAR-REGISTER.ORG, STAR NAME REGISTRY**, **STAR-NAME-REGISTRY, STAR-NAME-REGISTRY.COM** or variations thereof for Defendants' profits and to Plaintiff's detriment in violation of the Illinois Trademark Act 765 ILCS 1036/1 *et/seq.*, in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1-12, and in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1-7.

## COUNT IV

### COMMON LAW UNFAIR COMPETITION

51. Plaintiff re-alleges paragraphs 1-30, 31-33, 34-47, and 48-50 of this Complaint as though the same were fully set forth in this Count IV.

52. Defendants, through the use of the service marks, trademarks, and trade names **INTERNATIONAL STAR REGISTRY**, **INTERNATIONAL-STAR-REGISTRY, STAR REGISTRY**, **STAR-REGISTRY**, **INTERNATIONAL STAR REGISTER**, **STAR-REGISTER.ORG, STAR NAME REGISTRY**, **STAR-NAME-REGISTRY, STAR-NAME-REGISTRY.COM**, or variations thereof**,** have engaged in unfair methods of competition and unfair and deceptive acts and practices in and affecting commerce, which conduct is likely to cause confusion, mistake or deception of prospective purchasers into believing there is some affiliation, association or common source of sponsorship between Plaintiff's and Defendants' mark, services, products or business in violation of the Common Law of Unfair Competition through engaging in Trademark Infringement.

### COUNT V

### DILUTION UNDER ILLINOIS LAW

53. Plaintiff re-alleges paragraphs 1-30, 31-33, 34-47, 48-50, and 51-52 of this Complaint as though the same were fully set forth in this Count V.

54. The actions of the Defendants have diluted the distinctive quality of Plaintiff's marks **INTERNATIONAL STAR REGISTRY, STAR REGISTRY**, and **STARREGISTRY.COM,** in violation of the Dilution Statute of the State of Illinois, 765 ILCS 1036/65, resulting in irreparable harm and damage to the Plaintiff. The Plaintiff does substantial business in Illinois under the service marks, trademarks, and trade names

INTERNATIONAL STAR REGISTRY, STAR REGISTRY, and STARREGISTRY.COM and the Defendants, on information and belief, offer their services and products using the marks INTERNATIONAL STAR REGISTRY, INTERNATIONAL-STAR-REGISTRY, STAR REGISTRY, STAR-REGISTRY, INTERNATIONAL STAR REGISTER, STAR-REGISTER.ORG, STAR NAME REGISTRY, STAR-NAME-REGISTRY, STAR-NAME-REGISTRY.COM, or variations thereof in Illinois.

55.   The use by Defendants of identical or nearly identical marks to Plaintiff's marks, in the sale of Defendants' services and products, creates an inexorable adverse effect upon the distinctiveness of Plaintiff's marks. Unless Defendants' unauthorized and uncontrolled conduct is stopped immediately, it will continue to dilute the distinctive quality of Plaintiff's marks and inevitably destroy the value of such marks to Plaintiff and the goodwill associated with its marks, which Plaintiff has spent considerable time, energy and money to develop.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff prays:

A.   That judgment be entered finding that the Defendants, through their use of the confusingly similar service marks, trademarks, and trade names, INTERNATIONAL STAR REGISTRY, INTERNATIONAL-STAR-REGISTRY, STAR REGISTRY, STAR-REGISTRY, INTERNATIONAL STAR REGISTER, STAR-REGISTER.ORG, STAR NAME REGISTRY, STAR-NAME-REGISTRY, STAR-NAME-REGISTRY.COM or variations thereof or marks which encapsulate the wording of Plaintiff's marks in the advertising, marketing, promotion and offering of their services and products, have competed unfairly with Plaintiff in violation of the Federal Unfair Competition Law

and the Trademark Infringement Laws.

B.   That Defendants or their related businesses, and any of their officers, agents, servants, employees, attorneys and all persons in active concert or participation with them who receive notice, be preliminarily and permanently enjoined and restrained from:

(i)   Using the service marks, trademarks, and trade names asserted in the Complaint and in using the Plaintiff's marks, **INTERNATIONAL STAR REGISTRY, STAR REGISTRY**, and **STARREGISTRY.COM**, or any colorable variations or imitations thereof, or which encapsulate the wording of Plaintiff's marks or any words, designs or representations confusingly similar thereto in connection with the advertising, offering for sale and/or sale of the Defendants' services or products;

(ii)  Otherwise infringing the service marks, trademarks, and trade names **INTERNATIONAL STAR REGISTRY, STAR REGISTRY**, and **STARREGISTRY.COM**, or adopting or using confusingly similar marks;

(iii) Unfairly competing with Plaintiff or diluting the distinctiveness of Plaintiff's marks, or the Plaintiff's distinctive uses thereof, or injuring Plaintiff's business reputation in any manner; and

(iv)  Causing a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of Defendants' services or products or as to affiliation, connection or association of them with, or approval of them by Plaintiff, or engaging in conduct tending to create a false commercial impression of Defendants' services, products, or

any other conduct which similarly creates a likelihood of confusion, misunderstanding or false representation.

C.    That Defendants be directed to deliver up to this Court for destruction, pursuant to 15 U.S.C. 1118, all prints, advertisements, tapes, labels, packaging or other articles bearing the marks or names **INTERNATIONAL STAR REGISTRY, STAR REGISTRY**, and **STARREGISTRY.COM** or any variations thereof, or any marks which encapsulate the wording of Plaintiff's marks, and any reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices, screens, and other means of making the same.

D.    That Defendants be directed to discontinue the use of and be prohibited from using in the future any advertising or fulfillment materials which are copied or derived from the Plaintiff or where confusingly similar marks or names of the Plaintiff appear in connection with such materials.

E.    That an accounting be held and judgment rendered against Defendants and any related businesses jointly and severally for three (3) times:

(i)  All profits received from the sale of their unfairly competing products and services since the date such activity commenced; and

(ii) Actual damages sustained by Plaintiff on account of Defendants' unfair competition, infringement and deceptive practices.

F.    That Defendants be ordered to abandon any applications or cancel any federal or state registrations for the marks or

names **INTERNATIONAL STAR REGISTRY, STAR REGISTRY**, and **STARREGISTRY.COM** or any variations thereof or any marks which encapsulate the wording of Plaintiff's marks.

G. That Defendants be ordered to turn over and assign to Plaintiff all websites which have used or contain marks in violation of Plaintiff's trademark rights.

H. That this Court require that Defendants and any related businesses be jointly and severably required to pay reasonable attorneys' fees and taxable costs incurred by Plaintiff.

I. Such other and further relief as the Court deems just and equitable.

<u>**DEMAND FOR TRIAL BY JURY**</u>

Plaintiff hereby respectfully requests a trial by jury in this cause, and for all other relief just and proper in the premises.

Respectfully submitted,

Burton S. Ehrlich                    By: */s/ Burton S. Ehrlich*
Boris Umansky                             One of Plaintiff's attorneys
Molly Hunsinger
Ladas & Parry LLP
224 S. Michigan Avenue
Suite 1600
Chicago, IL 60604
(312)427-1300