**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| INTERNATIONAL STAR REGISTRY OF ILLINOIS, LTD, | Civil Action No. 21-CV-6446 |
| Plaintiff, | District Judge Sharon J. Coleman |
| v. | Magistrate Judge Heather K. McShain |
| RGIFTS LIMITED, | |
| and | |
| MATEI SUPPLY CORP., | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO
RULES 12(b)(2) AND 12(b)(5) AND TO STAY DISCOVERY PENDING DISPOSITION
OF THIS MOTION**

I.   STATEMENT OF ISSUES

In deciding this motion, this Court must decide the following issues:

Those who primarily live or operate outside a State have a due process right not to be subjected to judgment in the State's courts as a general matter. Exercise of jurisdiction by a court in Illinois over an out-of-state Defendant is only proper when the Defendant purposefully avails itself of the privilege of conducting activities within the State. In this case, neither of the Defendants resides in Illinois, has offices in Illinois, pays taxes in Illinois, owns property in Illinois, or advertises in Illinois, and allegedly infringing sales in Illinois constitute a miniscule portion of the annual revenues of either Defendant. Is the exercise of jurisdiction over these Defendants proper?

To serve a foreign corporation in a judicial district of the United States, a plaintiff must follow either an applicable Federal Rule or the law of service of the forum state or the state where service is made. Rule (4)(h)(1). Plaintiff purportedly served Defendant RGIFTS by delivering a copy of its summons and complaint to Emanuel Matei at the address of Defendant MATEI, misidentifying Mr. Matei in the Summons as RGIFTS' "Order Fulfillment Manager." Mr. Matei is not an officer, employee, or agent of RGIFTS. Was Defendant RGIFTS properly served?

Defendants moving for a stay of proceedings bear the burden of proving that the interests of justice require a stay, that adjudication of the claim would be a waste of judicial effort, and that the plaintiff will not be substantially harmed by the delay. Here, Defendants RGIFTS and MATEI only seek a stay of discovery while the Court rules on Defendants' motion to dismiss. Is a stay of discovery warranted?

II.   INTRODUCTION

This Court should dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(2) as this Court lacks personal jurisdiction over the Defendants. As to general jurisdiction, the Complaint neither expressly alleges that this Court has general jurisdiction over the Defendants nor alleges such extensive contacts between either Defendant and Illinois as required to establish general personal jurisdiction. As to specific personal

1

jurisdiction, as set forth in detail below, the Defendants lack the constitutionally required minimum contacts with the forum sufficient to establish personal jurisdiction over either Defendant. In fact, Defendant RGIFTS is a private limited company of the United Kingdom, Defendant Matei Supply Corp. is a California corporation, and neither Defendant a) holds any property in Illinois, b) has any employees in Illinois, or c) has any offices in Illinois. Allegedly infringing sales in Illinois constitute only a small fraction of either Defendant's business.

In addition, this Court should dismiss the Plaintiff's complaint as to Defendant RGIFTS pursuant to Rule 12(b)(5), as RGIFTS was not properly served under Rule 4(h). Plaintiff has only served Mr. Matei, who operates an independent company, and is not an officer, employee or agent of RGIFTS.

Finally, during the pendency of this motion which raises threshold jurisdictional issues, this Court should stay discovery.

### III. BACKGROUND

#### a. The Defendants

The Defendants are corporations whose principal places of business are outside of Illinois. *See* California Secretary of State Electronic Filings for MATEI SUPPLY CORP: Corporation - Statement of Information, filed May 22, 2020, and Corporation - Statement of Information No Change, filed September 17, 2021 (CA SOS SI filings for MATEI), attached hereto as Exhs. A and B;[1] Companies House company report for RGIFTS LIMITED 08974590, with accounts made up to May 31, 2021 (Companies House report for RGIFTS), attached hereto as Exh. C. Specifically, RGIFTS has its registered office at Unit A5 Compass Business Park, Pacific Road, Cardiff, South Glamorgan, Wales CF24 5HL, and MATEI has its Principal Executive Office and mailing address at 6131 Beech Ave, Orangevale, California 95662, where each of its officers and its agent for service of process are also located. *See id.* In addition, neither Defendant maintains

---

[1] Exhibits A-C are filed with and attached to the Declaration of Jeffrey Dixon.

2

offices, has employees or agents, or accepts service of process in Illinois. Declaration of Rhys King at ¶¶ 17-20; Declaration of Emanuel Matei at ¶¶ 14-17.

### b. The Litigation

On December 2, 2021, Plaintiffs filed the Complaint and purportedly served the Summons and Complaint on RGIFTS. *See* Complaint [Dkt. No. 1]; RGIFTS Summons ("Summons") [Dkt. No. 9]. Plaintiff alleges federal trademark infringement (Count I); federal unfair competition (Count II); Illinois trademark infringement, consumer fraud, and deceptive trade practice (Count III); common law unfair competition (Count IV), and dilution under Illinois law (Count V). Complaint at ¶¶ 31-55 [Dkt. No. 1]. Plaintiff is asking this Court to order various injunctions against Defendants and to award Plaintiff three times the Defendants' profits from its alleged infringing activity and three times the Plaintiff's alleged actual damages. Complaint at pp. 21-23, ¶¶A-I [Dkt. No. 1].

Plaintiff and Defendant RGIFTS are business competitors. Each party sells its customers the right to name a star, and to have that name recorded in an unofficial *register* of stars, which the party maintains on its website. That is to say, each party runs a *star registry*. Plaintiff's Complaint is, in essence, an effort to appropriate a substantial competitive advantage by preventing one of its largest competitors – Defendant RGIFTS – from using the words "star" and "registry" close to each other in connection with the service of providing such a star registry, as well as related goods, to its customers. *See* Complaint at pp. 21-23, ¶¶ A-I [Dkt. No. 1].

## IV. ARGUMENT

### a. Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction over either Defendant

The Due Process Clause of the 14th Amendment "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations." *Burger King v. Rudzewicz*, 471 U.S. 462, 471-472 (1985) (quotation omitted). Personal jurisdiction

over an out-of-state defendant is only appropriate if the forum state's long-arm statute permits the assertion of jurisdiction without violating due process, and due process is satisfied. *Id.* For purposes of this motion, the Illinois long-arm statute extends to the limits of the Federal Due Process Clause. *Hyatt International v. Coco*, 302 F.3d 707, 715 (7th Cir. 2003).[2]

For a Court to exercise jurisdiction over a defendant, "it is essential […] that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State […]" *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). In particular, the exercise of jurisdiction by this Court over a defendant requires that the defendant has certain minimum contacts with [Illinois] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe v. Washington*, 326 U.S. 310, 316 (1945). There are two ways that a court can exercise jurisdiction over a defendant: 1) general jurisdiction, and 2) specific jurisdiction. *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414-416 (1984).

### i. Neither Defendant has sufficient contacts with Illinois to be subject to general personal jurisdiction in Illinois

A court may assert general jurisdiction over a defendant only if the defendant's contacts with the forum State are so systematic and continuous as to render them at home in that State. *Goodyear Dunlop Tires Operations v. Brown*, 131 S. Ct. 2846, 2851 (2011). There is no principled argument, nor has Plaintiff attempted to argue, that this Court can exercise general jurisdiction over the Defendants. *See uBid v. GoDaddy*, 623 F.3d 421, 426 (7th Cir. 2010) (even though Defendant's contacts with Illinois are "extensive and deliberate […], [i]t would be unfair to require [Defendant] to answer in Illinois for any conceivable claim that any conceivable plaintiff might have against it."); Complaint at ¶¶ 6-10 [Dkt. No. 1] (arguing only that this

---

[2] The Illinois Supreme Court has suggested that the reach of the Illinois long-arm statute and the Due Process guarantees of the Illinois Constitution may not reach to the full extent of the Federal Due Process Clause. *See Rollins v. Ellwood*, 141 Ill. 2d 244, 271-275 (Ill. 1990). However, the Illinois Supreme Court has not provided guidance as to where those differences might be. The Seventh Circuit has not found any meaningful differences between the extent of personal jurisdiction allowed by the Federal Due Process clause, and that allowed by the Illinois long-arm statute. *Hyatt*, 302 F.3d at 715; *Illinois v. Hemi Group*, 622 F.3d 754, 757 (7th Cir. 2014).

4

Court may exercise specific personal jurisdiction over Defendants, at ¶¶ 9-10). Further, as explained below, this Court also cannot exercise specific jurisdiction over the Defendants.

> ii. **Defendants' contacts with Illinois in relation to this litigation do not amount to the constitutionally required minimum contacts to allow this Court to exercise specific jurisdiction over either Defendant**

Specific jurisdiction requires that the lawsuit arise out of or be related to a defendant's minimum contacts with the forum state. *RAR v. Turner Diesel*, 107 F.3d 1272, 1277 (7th Cir. 1997). The Court cannot simply aggregate all of a defendant's contacts with a state as evidence of the constitutionally required minimum contacts. *Id.*

Despite a paucity of contacts between the Defendants and Illinois that are related to this litigation, Plaintiffs argue that the mere ability of customers to purchase goods on a website for shipment to Illinois subjects the Defendants to jurisdiction in Illinois. Complaint at ¶¶ 9-10. If such an argument were correct, then all web retailers would be subject to jurisdiction anywhere in the world. *Illinois v. Hemi Group LLC*, 622 F.3d 754, 760 (7th Cir. 2010) (cautioning that "[c]ourts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive'"); *Advance Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014) ("[h]aving an 'interactive website' [] should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website it accessible."); *Gullen v. Facebook.com, Inc.*, No. 15 C 7681, at *5 (N.D. Ill. Jan. 21, 2016) (holding that "[b]ecause plaintiff does not allege that Facebook targets its alleged biometric collection activities at Illinois residents, the fact that its site is accessible to Illinois residents does not confer specific jurisdiction over Facebook."). This cannot be, and is not, the case. Similarly, an insignificant portion of a Defendant's allegedly infringing commercial activity occurring in a forum does not amount to the constitutionally required minimum contacts. *BE2 v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011) (holding that "the constitutional requirement of minimum contacts is not satisfied simply because a few

5

residents have registered accounts" on a defendant's website accused of being confusingly similar to a plaintiff's); *Matlin v. Spin Master Corp.,* 921 F.3d 701, 707 (7th Cir. 2019) (holding that defendants "did not target Illinois and should not be subject to suit there" despite a single online sale of a royalty-generating product); *Original Creations, Inc. v. Ready Am., Inc.*, 836 F. Supp. 2d 711, 716 (N.D. Ill. 2011) (holding that a "lone documented sale to an Illinois resident" via the defendant's website was "an insufficient basis upon which to find personal jurisdiction").

In its Complaint, Plaintiff alleges that "Defendants' online order forms have no geographical limitations and accept data for orders specifically identifying Illinois and Chicago," that "orders of Defendants' products are fulfilled by [Defendant MATEI] in the United States and shipped to citizens in this District." Complaint at ¶ 9 [Dkt. No. 1]. However, the Seventh Circuit has held that merely operating a website that is accessible in the forum state is not sufficient to confer specific jurisdiction over a defendant unless the website targets the forum state's market, even where the defendant had a few subscribers in the forum state. *BE2 v. Ivanov*, 642 F.3d at 559. Specifically, the Seventh Circuit found that in *BE2* "a few residents" of Illinois who were the defendant's customers were "attenuated contacts that could not give rise to personal jurisdiction without offending traditional notions of fair play and substantial justice." *Id.* In view of the small number of defendant's customers in Illinois, the Seventh Circuit saw "no evidence that [the defendant] Ivanov targeted the Illinois market that might make this case more comparable to GoDaddy's massive and successful exploitation of the Illinois market in *uBid v. GoDaddy Group* through an advertising campaign that produced hundreds of thousands of customers in the state and millions of dollars in annual revenues." *Id.*, citing *uBid v. GoDaddy*, 623 F.3d at 428-29. *See also Matlin v. Spin Master Corp.,* 921 F.3d at 707; *Original Creations, Inc. v. Ready Am., Inc.*, 836 F. Supp. 2d at 716.

Like the defendant Ivanov, in *BE2 v. Ivanov*, RGIFTS and MATEI have a relatively miniscule number of Illinois customers. In particular, only about 0.66% of RGIFTS' total number of sales were derived from Illinois. Declaration of Rhys King at ¶ 8. Similarly, only about 3%, and less than 4%, of MATEI's total revenues

are from fulfilling RGIFTS orders for star registrations in Illinois. Declaration of Emanuel Matei at ¶ 9. As in *BE2*, *Matlin*, and *Original Creations*, with such low numbers of sales and revenues being due to Defendants' customers in Illinois, those customers amount to "attenuated contacts that could not give rise to personal jurisdiction" over either Defendant "without offending traditional notions of fair play and substantial justice." *Id. See also Matlin v. Spin Master Corp.*, 921 F.3d at 707; *Original Creations, Inc. v. Ready Am., Inc.*, 836 F. Supp. 2d at 716.

In view of the foregoing, this Court cannot exercise either general or specific personal jurisdiction over either Defendant. Therefore, the Complaint should be dismissed for lack of personal jurisdiction under Rule 12(b)(2).

### b. Plaintiff's Complaint should be dismissed as to Defendant RGIFTS for lack of proper service under Rule 12(b)(5)

Federal Rule 4(h)(1) provides, in relevant part, that a domestic or foreign corporation that is served "in a judicial district of the United States" must be served either: "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual," or "(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Rule 4(e)(1), in turn, permits service of an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." In this case, Plaintiff purported to serve Defendant RGIFTS by delivering the Summons and Complaint to "RGIFTS LIMITED / Emmanuel Matei / Order Fulfillment Manager / 6131 Beech Ave., Orangevale, CA 95662.". For such delivery to constitute proper service, it would have to comport with either the law of California where service was purportedly made, the law of Illinois where this Court sits, or Federal Rule 4(h)(1)(B). Serving Mr. Matei does not count as service on RGIFTS pursuant to any of the above.

7

California Code of Civil Procedure (CCCP) 416.10 provides for service of a corporation by delivering a copy of the summons and complaint "(a) To the person designated as an agent for service of process," or "(b) To the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." In this case, Emanuel Matei is neither a designated agent for service of process to RGIFTS as specified in subsection (a), nor any of the corporate officers of RGIFTS listed under subsection (b), nor a person authorized by RGIFTS to receive service as specified in subsection (b). *See* Declaration of Rhys King at ¶¶ 13, 15-16, Declaration of Emanuel Matei at ¶¶ 11-13. Therefore, Plaintiff did not properly serve RGIFTS under California law by delivering the Summons and Complaint to Emanuel Matei.

Illinois Code of Civil Procedure Section 2-204 provides that a private corporation may be served "by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State." 735 ILCS 5/2-204. In this case, Emanuel Matei is neither a registered agent nor any officer or agent of RGIFTS. *See* Declaration of Rhys King at ¶¶ 13, 15-16, Declaration of Emanuel Matei at ¶¶ 11-13. Therefore, Plaintiff did not properly serve RGIFTS under Illinois law by delivering the Summons and Complaint to Emanuel Matei.

As noted above, Federal Rule 4(h)(1)(B) requires a corporation to be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." *See* Rule 4(h)(1)(B). In this case, Emanuel Matei is neither an officer, nor a managing or general agent, nor any other agent authorized to receive service of process for RGIFTS. *See* Declaration of Rhys King at ¶¶ 13, 15-16, Declaration of Emanuel Matei at ¶¶ 11-13. Therefore, Plaintiff did not properly serve RGIFTS under the Federal Rules by delivering the Summons and Complaint to Emanuel Matei.

In view of the foregoing, RGIFTS was not properly served under California law, Illinois Law, or the Federal Rules. Accordingly, this Court should dismiss Plaintiff's Complaint as to Defendant RGIFTS for lack of proper service, pursuant to Rule 12(b)(5).

### c. This court should stay discovery pending disposition of this motion-to-dismiss

#### i. Legal standard

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706; 117 S. Ct. 1636; 137 L.Ed.2d 945 (1997). See also *Radio Corp. of America v. Igoe*, 217 F.2d 218, 220 (7th Cir. 1955) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). A court has discretion to grant or deny a motion to stay the proceedings. *Brooks v. Merck & Co., Inc.*, 443 F.Supp.2d 994, 997 (S.D. Ill. 2006). "Courts often consider the following factors when deciding whether to stay an action: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Abbott Laboratories v. Matrix Laboratories, Inc.*, Case No.: 09-cv-1586, at *3-4 (N.D. Ill. Nov. 5, 2009). Stays of discovery pending resolution of a motion to dismiss "are often deemed appropriate where the motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or qualified immunity or where . . . discovery may be especially burdensome and costly to the parties." *Liggins v. Reicks*, 3:19-cv-50303, at *1 (N.D. Ill. July 8, 2021), *quoting DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008). Similarly, courts have held that a stay of discovery was appropriate where the motion to dismiss could resolve the case, where ongoing discovery was "unlikely to produce facts necessary to defeat the motion," *Simstad v. Scheub,* No. 2:07 CV 407, 2008 WL 1914268, at *1 (N.D. Ind. April 29, 2008), "where the motion raises a threshold issue of standing, jurisdiction, or qualified immunity," *Methodist Health Servs. Corp. v. OSF Healthcare Sys.*, No. 13-1054, 2014 WL 1797674 (C.D. Ill. May 6, 2014), or

9

otherwise "where the motion raises a potentially dispositive threshold issue, such as a challenge to the plaintiff's standing." *Duneland Dialysis LLC v. Anthem Insurance Companies,* CAUSE NO.: 4:09-CV-36-RLM-PRC at *(N.D. Ind. Apr. 6, 2010), citing *Bilal v. Wolf*, No. 06 C 6978, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007); *Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996). Defendants bear the burden of proving that the stay is appropriate under the circumstances. *Clinton*, 520 U.S. at 708 ("The proponent of a stay bears the burden of establishing its need.").

### ii. The Court should grant a stay in these circumstances

The Court should grant a stay of discovery in this case because each of the above factors weighs in favor of a stay.

First, a stay of discovery would not unduly prejudice the Plaintiff in this instance, as the facts pertaining to personal jurisdiction are not in dispute. Plaintiff's Complaint merely alleges that "Defendants' online order forms have no geographical limitations and accept data for orders specifically identifying Illinois and Chicago," that "orders of Defendants' products are fulfilled by [Defendant MATEI] in the United States and shipped to citizens in this District," (Complaint at ¶ 9 [Dkt. No. 1]). Defendants do not dispute either of these facts, but rather contend that such a miniscule number of shipments cannot give rise to personal jurisdiction over either Defendant in this District. As to lack of service, the facts could hardly be plainer: Mr. Matei is simply not an officer or agent of RGIFTS, nor otherwise authorized to receive service of process for RGIFTS. *See* Declaration of Rhys King at ¶¶ 13, 15-16, Declaration of Emanuel Matei at ¶¶ 11-13.

Second, a stay would greatly simplify the issues. In granting a stay in *Liggins*, the court found that, where Defendants' motion to dismiss raised a threshold issue of qualified immunity, "This factor weighs in favor of a stay because the costs and burdens of discovery may prove unnecessary if the motion to dismiss is granted." *Liggins v. Reicks*, 3:19-cv-50303, at *3 (N.D. Ill. July 8, 2021). In this case, Defendants' motion to dismiss can dispose of entire case on the single issue of lack of personal jurisdiction, and/or the case

against RGIFTS on the single issue of lack of proper service. Therefore, the second factor weighs heavily in favor of a stay. *See id.*

Third, a stay would greatly reduce the burden on the parties and the Court. As explained above, the Court can rule on Defendant's motion to dismiss without discovery, as no facts are in dispute. In contrast, addressing the substance of Plaintiff's five-count complaint will require substantial discovery and briefing, which would be a waste of this Court's resources if the case is ultimately dismissed under Rule 12(b)(2) or 12(b)(5).

## V. CONCLUSION

For the reasons set forth above, this Court should dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(2), as this Court lacks personal jurisdiction over either Defendant. In addition, this Court should dismiss the Plaintiff's Complaint as to Defendant RGIFTS for lack of proper service, pursuant to Rule 12(b)(5). Further, this Court should stay discovery pending the Court's decision on this motion.

Respectfully submitted,

Date:   January 28, 2022             By:   /s/ Konrad Sherinian
                                            An attorney for Defendants

Attorneys for Defendants

Konrad Sherinian
The Law Offices of Konrad Sherinian, LLC
1755 Park Street, Suite # 200
Naperville, Illinois 60563
Phone: (630) 318-2606
Fax: (630) 364-5825
Email: ksherinian@sherinianlaw.net
Email: courts@sherinianlaw.net