UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL STAR REGISTRY OF ILLINOIS, LTD., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 21-cv-06446 |
| v. | ) ) | Judge Sharon Johnson Coleman |
| RGIFTS LIMITED and MATEI SUPPLY CORP., | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff International Star Registry of Illinois, Ltd. ("International Star Registry") brings this action against defendants RGIFTS Limited and MATEI Supply Corp. (collectively, "Defendants"), alleging trademark infringement and other related claims. Before the Court is Defendants' motion to dismiss the complaint [18] under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5). For the following reasons, the Court denies Defendants' 12(b)(2) motion and grants the 12(b)(5) motion without prejudice.

**Background**

As alleged in the Complaint, International Star Registry is an Illinois corporation with its principal place of business in Northbrook, Illinois. Since 1979, the company has sold star registrations to members of the general public. The company claims that it has identified numerous unnamed stars, and, for a price, will assign a consumer's name to a star. With every star registry purchase, International Star Registry provides "unique star identification materials," including a decorative certificate suitable for framing, a constellation chart, a star map showing the part of the sky that contains the customer's newly named star, an astronomy booklet, and a letter. (Dkt. 1, ¶ 12.)

According to the Complaint, International Star Registry has adopted multiple trademarks and service marks associated with its star identification packages. These include: (1) the service mark, trademark, and trade name "INTERNATIONAL STAR REGISTRY"; (2) the service mark and trademark "STAR REGISTRY"; and (3) the service mark and trademark "STARREGISTRY.COM." (*Id.*, ¶ 14.) In addition, International Star Registry owns rights to the domain names "STARREGISTRY.COM" and "STARNAMEREGISTRY.COM." (*Id.*) International Star Registry alleges that its marks and trade names have developed widespread recognition and goodwill among consumers, who have come to identify the company's marks with its star naming services and packaging, as well as literature associated with astronomy.

Defendant RGIFTS Limited ("RGIFTS") is a private limited company incorporated in the United Kingdom with its principal place of business in Wales. (*Id.*, ¶ 3; *see also* Dkt. 21-3 at 2.) RGIFTS also operates a star registry business over the Internet. Defendant MATEI Supply Corp. ("MATEI"), a corporation with its principal place of business in California, fulfills star registration orders for RGIFTS's customers in the United States. (Dkt. 1, ¶¶ 4, 9.)

On December 2, 2021, International Star Registry filed a five-count complaint against Defendants, alleging trademark infringement under federal and Illinois law, as well as unfair competition, deceptive trade practices and consumer fraud, and dilution. International Star Registry alleges that Defendants infringed upon its trademarks by using its marks and names, as well as "confusingly similar" ones, for the advertising, sale, and distribution of star-naming materials on the Internet. (*Id.*, ¶ 30.) In particular, the complaint alleges that Defendants have held themselves out to be "INTERNATIONAL STAR REGISTRY" on the Internet and that Defendants used the domain name "STAR-NAME-REGISTRY.COM" to deceive customers into believing that their products are associated with International Star Registry. (*Id.*, ¶¶ 29–30.)

On January 28, 2022, Defendants filed the instant motion to dismiss, which seeks to dismiss the complaint in its entirety (1) as to both defendants for lack of personal jurisdiction under Rule 12(b)(2) and (2) as to RGIFTS for lack of proper service under Rule 12(b)(5). The parties have conducted limited jurisdictional discovery related to Defendants' motion.

**Legal Standard**

A motion to dismiss under Rule 12(b)(2) tests whether a federal court has personal jurisdiction over a defendant. Fed. R. Civ. P. 12(b)(2); *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392 (7th Cir. 2020). Although the plaintiff bears the burden of establishing personal jurisdiction, "[w]hen the district court bases its determination solely on written materials and not an evidentiary hearing, plaintiffs must only make a *prima facie* showing of personal jurisdiction over the defendants to survive their motion to dismiss." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019) (citation omitted). "In evaluating whether the prima facie standard has been satisfied, the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (quotations and citation omitted).

Defendants may challenge the sufficiency of service of process through a motion to dismiss under Rule 12(b)(5). Fed. R. Civ. P. 12(b)(5); *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). The plaintiff bears the burden of proving effective service of process. *Cardenas*, 646 F.3d at 1005. In considering a motion under Rule 12(b)(5), the court may look beyond the pleadings but "must ultimately view the facts in the light most favorable to the plaintiff." *1025 W. Addison Street Apartments Owner, LLC v. Grupo Cinemex, S.A. de C.V.*, No. 20-cv-6811, 2021 WL 2136073, at *4 (N.D. Ill. May 26, 2021) (Aspen, J.) (citation omitted). "Only proper service vests a district court with personal jurisdiction over a defendant." *Luxottica Grp. S.P.A. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A,"* 391 F. Supp. 3d 816, 821 (N.D. Ill. 2019) (Gottschall, J.) (citing *Cardenas*,

3

646 F.3d at 1005). "Thus, 'actual knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over a defendant in the absence of valid service of process.'" *Id.* (quoting *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991)). If the court finds that the plaintiff has not met its burden and lacks good cause for failing to perfect service, the court must either dismiss the case or specify a timeframe within which the plaintiff must serve the defendants. *Cardenas*, 646 F.3d at 1005 (citing Fed. R. Civ. P. 4(m)). The decision is "inherently discretionary." *Id.* (citation omitted).

**Discussion**

The Court begins with both defendants' argument that the complaint should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction. It then turns to the service of process issue as to defendant RGIFTS under Rule 12(b)(5).[1]

*Personal Jurisdiction*

This case includes claims brought under the Lanham Act, as well as under Illinois law. Because the Lanham Act does not authorize nationwide service of process, personal jurisdiction is governed by the law of Illinois. *See Ariel Invs., LLC v. Ariel Cap. Advisors LLC*, 881 F.3d 520, 521 (7th Cir. 2018) ("The Lanham Act does not authorize nationwide service of process. A plaintiff therefore must secure personal jurisdiction under state law."); *see also* Fed. R. Civ. P. 4(k)(1)(A). Illinois's long-arm statute "permits its courts to exercise personal jurisdiction on any basis permitted by the constitutions of both Illinois and the United States." *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (citing 735 ILCS 5/2-209(c)).[2] Thus, the state and federal inquiries merge. *Tamburo*

---

[1] Before turning to the merits, the Court is compelled to note the following: in preparation for filing its opposition to Defendants' motion to dismiss, International Star Registry requested and obtained leave to exceed the page limitation by two pages. (Dkts. 52, 54.) Having further reviewed the opposition, it is clear that the additional pages were unnecessary, as many of the arguments were repetitive and verbose. In the future, plaintiff's counsel is urged to seek extra pages only when required.

[2] Here, "neither party urges that the Illinois due process analysis differs, [thus] we only consider the requirements of federal due process." *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 620 n.15 (7th Cir. 2022) (quoting *Matlin*, 921 F.3d at 705).

4

*v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). The key issue is whether the defendant has sufficient "minimum contacts" with Illinois such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* at 700–01 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L.Ed. 95 (1945)).

Personal jurisdiction can be general or specific. *Id.* at 701–02. Because International Star Registry does not attempt to establish general jurisdiction in either its complaint or opposition, the Court focuses solely on whether there is specific jurisdiction over the defendants. Specific personal jurisdiction exists where: (1) the defendant's contacts with the forum state show that it "purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state"; (2) the plaintiff's alleged injury arises out of or relates to the defendant's forum-related activities; and (3) the exercise of personal jurisdiction would "comport with traditional notions of fair play and substantial justice." *NBA Props.*, 46 F.4th at 623; *see also Curry*, 949 F.3d at 398.

Defendants contend that the Court lacks personal jurisdiction over them for several reasons. Defendants underscore that neither of them resides, has employees or agents, owns property or has offices, pays taxes, advertises, or accepts service of process in Illinois. (Dkt. 19 at 2–4.) Moreover, Defendants contend that their customers' ability to purchase RGIFTS's products over the Internet for shipment to Illinois does not confer personal jurisdiction. Defendants' primary argument is that they simply do not have sufficient contacts with Illinois to warrant personal jurisdiction over them: their allegedly infringing sales in Illinois make up only "a miniscule portion" of their annual revenues, they have a "relatively miniscule number of Illinois customers," and they sent a "miniscule number of shipments" to Illinois. (*Id.* at 2–3, 7, 11.) As to sales, Defendants state that less than 0.7% of RGIFTS's lifetime sales transactions from star registration purchases have come from Illinois customers, and less than 4% of MATEI's total revenues have come from fulfilling RGIFTS

5

orders for star registrations to customers in Illinois. (Dkt. 19 at 7–8; Dkt. 20 at 2, ¶ 8; Dkt. 22 at 2, ¶ 9.)

International Star Registry argues that Defendants' sales of infringing products to Illinois customers are enough to establish personal jurisdiction. Because Defendants operate worldwide, International Star Registry contends that the percentages of Defendants' allegedly infringing sales to Illinois, standing alone, offer no real insights on the issue of personal jurisdiction. (Dkt. 51 at 10–11.) Instead, International Star Registry points to tens of thousands of dollars in star registry sales to Illinois in recent years, as well as Defendants' advertisement and promotion of the star registry products to Illinois consumers over the Internet, to illustrate that Defendants significantly understate their contacts with Illinois. International Star Registry also spends a considerable part of its opposition arguing that the Court may exercise jurisdiction due to a contract between RGIFTS and the Chicago-based company Groupon, Inc. that was intended to promote RGIFTS's products containing the allegedly infringing marks and pursuant to which any disputes would be resolved in Cook County, Illinois. Finally, International Star Registry claims that any "hassle" to RGIFTS in doing business in Illinois is undermined by the company's hiring of a law firm in Naperville, Illinois to file a federal trademark application for the mark "STAR NAME REGISTRY" in January 2022. (*Id.* at 16.)

The requirements for specific personal jurisdiction are met as to both defendants. RGIFTS operates eleven websites that are accessible to customers in Illinois, including websites such as "star-name-registry.com" and "star-name-registry.org." (Dkt. 51-1 at 4–5.) As Defendants correctly point out, accessibility to a website in a forum alone does not confer personal jurisdiction over an online retailer. *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 760 (7th Cir. 2010); *see also Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014) ("Having an 'interactive website' . . . should not open a defendant up to personal jurisdiction in every spot on the planet

6

where that interactive website is accessible."). But "online retailers form minimum contacts with a forum when they 'stand ready and willing to do business with' residents of the forum and then 'knowingly do business with' those residents." N*BA Props., Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, 549 F. Supp. 3d 790, 794 (N.D. Ill. 2021) (Kness, J.), *aff'd*, 46 F.4th 614 (7th Cir. 2022) (quoting *Hemi*, 622 F.3d at 758). Indeed, less than three months ago, the Seventh Circuit held that one sale from an online retailer to an Illinois buyer was sufficient to establish personal jurisdiction where the retailer, through establishing an online store, "unequivocally asserted a willingness to ship goods to Illinois and established the capacity to do so." *NBA Props.*, 46 F.4th at 617, 624–27; *see also BRABUS GmbH v. Individuals Identified on Schedule A Hereto*, No. 20-cv-3720, 2022 WL 7501046, at *3 (N.D. Ill. Oct. 13, 2022) (Seeger, J.) (chat log with a would-be buyer confirming that defendant could ship to Chicagoland suburb and providing a price for shipping costs, as well as an invoice showing shipment to that address, was "more than enough to show purposeful availment" and "a willingness to sell products" in Illinois).

The crux of Defendants' argument is that they did not have enough sales to or customers in Illinois to warrant jurisdiction. (*See, e.g.*, Dkt. 19 at 2, 7.) The Court disagrees. The undisputed allegations are that RGIFTS's "online order forms have no geographical limitations and accept data for orders specifically identifying Illinois and Chicago," and MATEI fulfills those orders to Illinois residents to the tune of tens of thousands of dollars' worth of sales in Illinois (of which MATEI has seen thousands of dollars for fulfillment). (Dkt. 1, ¶ 9; Dkt. 22 at 2, ¶ 8; Dkt. 50-1 at 17–21; Dkt. 55 at 2.) This activity is sufficient to confer specific jurisdiction in Illinois on both Defendants.

RGIFTS is also incorrect in arguing on reply that using MATEI to fulfill its orders sufficiently severs its Illinois jurisdictional ties. RGIFTS relies for support on the United States Supreme Court's plurality decision in *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 131 S. Ct. 2780, 180 L. Ed. 2d 765 (2011). *Nicastro* was a "stream of commerce" case and is not analogous to

7

the facts here. Unlike *Nicastro*, the instant case is not one in which RGIFTS merely uses a U.S. distributor that independently decides where and how to sell the product. MATEI fulfills orders placed by RGIFTS's customers. (*See, e.g.*, Dkt. 55 at 3, 6 ("RGIFTS has a contract with MATEI for MATEI to fulfill orders of Star Packages to RGIFTS' customers in the United States, including Illinois.")). *Nicastro* thus does not compel a different result as to specific jurisdiction over RGIFTS based on MATEI's role in fulfilling the orders.

In sum, Defendants purposefully availed themselves of the privileges of conducting business in Illinois. RGIFTS maintained one or more commercial websites from which consumers could—and did—order products for delivery to Illinois, and MATEI prepared and shipped thousands of those products to Illinois. Additionally, Defendants do not dispute that International Star Registry's claims against them relate to the allegedly infringing sales in Illinois.

Finally, the Court must consider whether subjecting Defendants to jurisdiction in Illinois would "offend traditional notions of fair play and substantial justice." *Hemi*, 622 F.3d at 759 (citing *Int'l Shoe*, 326 U.S. at 316). In making this determination, courts may evaluate: the burden on defendants; the forum state's interest in adjudicating the matter; the plaintiff's interest in "obtaining convenient and effective relief"; "the interstate judicial system's interest in obtaining the most efficient resolution of the underlying dispute"; and "the shared interest of the several states in furthering fundamental substantive social policies." *NBA Props.*, 46 F.4th at 627 (quoting *Hemi*, 622 F.3d at 759). Beyond reiterating that they had only attenuated contacts with Illinois, Defendants' motion offers no arguments, or supporting authority, as to why this factor renders jurisdiction unreasonable.

On reply, Defendants claim that it would be unfair of the Court to exercise personal jurisdiction over either of them because of the "significant burden" that it would place on both defendants. (Dkt. 55 at 3, 6.) The Court recognizes that there may be some burden to the

8

defendants in having to litigate the case in Illinois, particularly for RGIFTS, a UK company. But neither defendant has identified any burden that is sufficiently compelling to warrant a different outcome, particularly given that the remainder of the "fair play and substantial justice" considerations weigh in favor of jurisdiction. *See Curry*, 949 F.3d at 402 (once plaintiff has made a "threshold showing of minimum contacts," defendant must present a "compelling" case that other considerations would make jurisdiction unreasonable) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 105 S. Ct. 2174, 85 L.Ed. 2d 528 (1985)). Ultimately, the Court finds that "[t]here is no unfairness in requiring [RGIFTS and MATEI] to defend a lawsuit in the courts of the state where, through the very activity giving rise to the suit, [they] continue[] to gain so much." *Id.* (citation and quotations omitted).

The Court finds that it has specific personal jurisdiction over Defendants, and the motion to dismiss on this basis is denied.

*Service of Process*

Defendants next argue that the Complaint should be dismissed as to RGIFTS pursuant to Rule 12(b)(5) because International Star Registry failed to properly serve RGIFTS under Rule 4(h). International Star Registry maintains that it properly served RGIFTS under Rule 4(h)(1). International Star Registry bears the burden of proof. *Cardenas*, 646 F.3d at 1005.

Rule 4(h) governs service of process on a corporation. Under Rule 4(h)(1), a plaintiff may serve a foreign corporation "in a judicial district of the United States." Fed. R. Civ. P. 4(h)(1). To do so, the plaintiff must serve the defendant corporation:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]"

9

*Id.* Rule 4(e)(1) provides that process may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

International Star Registry claims that it properly served RGIFTS in California—that is, "where service was made" under Rule 4(e)(1)—when it delivered the summons to an individual named Emanuel Matei at MATEI's California address. Under California law, service of process may be effected on a corporation by delivering a copy of the summons and complaint to: (1) "the person designated as agent for service of process"; or (2) "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Code. Civ. Proc. § 416.10(a), (b). The Complaint alleges that Emanuel Matei is an owner of MATEI, as well as the "Order Fulfillment Manager" for RGIFTS. (Dkt. 1, ¶ 9.) In its opposition, International Star Registry indicates that it attempted to serve RGIFTS through Mr. Matei because his LinkedIn page stated that he was the "Order Fulfillment Manager" at RGIFTS and had held such a position since October 2018. (Dkt. 51 at 17–18, 24–25; Dkt. 51-3 at 13–14.) According to the declaration Mr. Matei submitted on behalf of Defendants, however, he is not an employee of RGIFTS, let alone a general manager or executive of any kind. (Dkt. 22 at 2, ¶¶ 11–12.) Nor is Mr. Matei someone designated as an agent for service of process on RGIFTS, or someone otherwise authorized by RGIFTS to receive service of process. (*Id.*, ¶ 12.) Rhys King, RGIFTS's director and majority shareholder, also attests in his declaration that Mr. Matei does not hold any such role with RGIFTS and is not authorized to receive service of process on its behalf. (*See* Dkt. 20 at 2–3, ¶¶ 13, 15–16.).

International Star Registry nonetheless maintains that service on Mr. Matei was proper under California law. International Star Registry contends that California's service requirements should be

10

"liberally construed" and that, as long as a defendant receives actual notice of a lawsuit, "substantial compliance with California's provisions governing service of summons will generally be held sufficient." (Dkt. 51 at 23, 25.) International Star Registry claims that service on Mr. Matei met California's service requirements because his identification as an "order fulfillment manager" for RGIFTS on his LinkedIn page, coupled with the contract between RGIFTS and MATEI that authorized MATEI to fulfill RGIFTS orders, combine to make him "in the nature of a 'general manager'" or "as a type of 'general manager'" of RGIFTS. (*Id.* at 24–25.) International Star Registry further contends that "service on any type of individual manager with a title" suffices for service under California law. (*Id.* at 19.)

While the case law contemplates liberal construction of California's service provisions, *see Pasadena Medi-Center Associates v. Superior Court*, 511 P.2d 1180 (Cal. 1973), International Star Registry asks the Court to swing the pendulum too far. Defendants do not deny that Mr. Matei identified himself as an "order fulfillment manager" for RGIFTS on his LinkedIn page prior to the filing of the Complaint. (Dkt. 51-3 at 19.) Regardless of whether RGIFTS knew that Mr. Matei had the title on his LinkedIn page or not, International Star Registry has failed to show that serving him on behalf of RGIFTS constitutes "substantial compliance" with California's service requirements. (Dkt. 51 at 23–24.) To begin, the Court is unconvinced that an "order fulfillment manager" is akin to a general manager or any of the other managerial and executive roles contemplated under § 416.10. International Star Registry notes that the term "general manager" has been interpreted to include "any agent of the corporation 'of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made.'" (Dkt. 51 at 23 (quoting *Falco v. Nissan N. Am., Inc.*, 987 F. Supp. 2d 1071, 1074 (C.D. Cal. 2013).) Yet International Star Registry has not established an agency relationship between Mr. Matei and RGIFTS, nor has it shown that Matei was "of sufficient character and rank" to render it reasonably certain that RGIFTS would be apprised of

11

service. Ultimately, none of the cases cited by International Star Registry support finding an individual's self-identification as an "order fulfillment manager" on a social media or professional profile—a position disputed by RGIFTS—to be enough to render service on that individual proper. *See, e.g.*, *Philips Med. Sys. (Cleveland), Inc. v. Buan*, 19-cv-2648, 2021 WL 1536173 (N.D. Ill. Apr. 19, 2021) (Aspen, J.) (service on individual who held himself out as a "manufacturing executive" and employed by parent company as its "Director – US Operations" on his LinkedIn page, and whom plaintiffs claimed was a "general manager" for both parent and subsidiary companies for purposes of service—a contention unrebutted in reply—was sufficient to effect service on subsidiary). International Star Registry has thus failed to carry its burden to show that its purported service on RGIFTS via Mr. Matei was proper under California law.

International Star Registry also argues that service on Mr. Matei was proper under Illinois law. Yet International Star Registry merely states that "[u]nder Illinois law it is also sufficient to serve someone at a location where a Defendant corporation is located and where that person would normally receive such notification" and points to Matei's purported position as RGIFTS' "Order Fulfillment Manager" to show that he "could normally receive that type of communication or notice" on behalf of RGIFTS. (Dkt. 51 at 20.) International Star Registry does not cite any authority to support its contention of proper service under Illinois law. Regardless, because International Star Registry has not shown that Mr. Matei was RGIFTS's registered agent, officer, or managing or general agent, or any other agent authorized to receive service of process on its behalf, International Star Registry also fails to carry its burden to show that service comported with either Illinois law or Rule 4(h)(1)(B). *See* 735 ILCS 5/2-204 (plaintiff can serve a private corporation by "leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State"); Fed. R. Civ. P. 4(h)(1)(B) (plaintiff must deliver the summons and

12

complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process").

Finally, the Court notes that, in their reply, Defendants state that proper service on RGIFTS should be accomplished through the Hague Convention. Defendants argue that, while the normal course would be to dismiss RGIFTS without prejudice for its failure to properly effectuate service thus far, the dismissal should be *with* prejudice due to International Star Registry's "strained argument on service of process" and its lack of action in effectuating proper service on RGIFTS. (Dkt. 55 at 11.) At this juncture, and for the reasons above, the Court agrees with Defendants that International Star Registry has not properly effectuated service on RGIFTS, and the Court therefore does not have personal jurisdiction over RGIFTS. *See Paulsen v. Abbott Labs.*, 368 F. Supp. 3d 1152, 1163 (N.D. Ill. 2019) (Dow, Jr., J.) ("Generally, 'a district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process, and the service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint.'") (quoting *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008)). The Court will permit International Star Registry time to properly serve RGIFTS, however. If International Star Registry has not properly served RGIFTS by January 3, 2023 and filed proof of such service, it must file by that date a succinct status report detailing the efforts it has made to effectuate service.

**Conclusion**

For the foregoing reasons, Defendants' motion to dismiss [18] is denied in part and granted in part without prejudice. Defendants' Rule 12(b)(2) motion to dismiss the complaint for lack of personal jurisdiction is denied, and Defendants' Rule 12(b)(5) motion to dismiss for improper service of process on Defendant RGIFTS is granted without prejudice. As stated in this opinion, Plaintiff shall have until 01/03/2023 to properly serve RGIFTS or file a status report explaining its

efforts to do so. Finally, the portion of Defendants' motion that requests to stay discovery pending a ruling on the motion to dismiss is stricken as moot.

IT IS SO ORDERED.

Date: 11/4/2022                                      Entered: _____
                                                     SHARON JOHNSON COLEMAN
                                                     United States District Judge