**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| INTERNATIONAL STAR REGISTRY OF ILLINOIS, LTD., an Illinois Corporation, | ) ) ) | |
| Plaintiff/Counter Defendant, | ) ) | |
| v. | ) ) | Case No. 21-cv-06446 |
| RGIFTS LIMITED, a UK Company., | ) ) | |
| Defendant/Counter Claimant, | ) ) | |
| and, | ) ) | |
| MATEI SUPPLY CORP., a California Corporation, | ) ) ) | |
| Defendant. | ) | |

**INTERNATIONAL STAR REGISTRY OF ILLINOIS, LTD.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS OPPOSED MOTION TO <u>STAY DISCOVERY CONCERNING RGIFTS' COUNTERCLAIMS</u>**

Olivia Bedi
Kalia Coleman
Keyonn L. Pope
Shaun Zhang
Edgar Matias
RILEY SAFER HOLMES & CANCILA LLP
1 South Dearborn Street, Suite 2200
Chicago, IL 60603
Tel: 312-471-8700
obedi@rshc-law.com
kcoleman@rshc-law.com
kpope@rshc-law.com
szhang@rshc-law.com
ematias@rshc-law.com

*Counsel for Plaintiff/Counter-Defendant
International Star Registry of Illinois, Ltd.*

1

Plaintiff/Counterclaim Defendant International Star Registry of Illinois, Ltd. ("ISR"), by counsel, moves this Court to stay discovery concerning Counts 6 and 7 of the Second Amended Counterclaims filed by Defendant/Counterclaim Plaintiff RGifts Limited ("RGIFTS") pending resolution of ISR's motion to dismiss those counterclaims. This Court should grant this Motion for the reasons discussed below.

**INTRODUCTION**

On May 15, 2024, this Court "stay[ed] discovery regarding defendant RGIFTS' recently added counterclaims pending the resolution of the fully briefed motion to dismiss those counterclaims." (Dckt. #155.) After this Court dismissed the counterclaims without prejudice (Dckt. #165), RGIFTS refiled two counts of those same counterclaims (Dckt. #175, "Second Amended Counterclaims"). ISR promptly filed a renewed motion to dismiss those two counts (Counts 6 and 7). (Dckt. #182, 184.) ISR brings this motion now to continue the stay of those counts of RGIFTS' counterclaims pending the resolution of ISR's renewed motion to dismiss.

For background, ISR filed this suit nearly three years ago seeking to stop RGIFTS' brazen and continuing infringement of ISR's registered marks ("Registered Marks"). (*See* Dckt. #1.) ISR obtained the first of these marks in 1985, and the others in 1986, 1997, and 2002. With one exception, all of ISR's Registered Marks are incontestable, with the latest obtaining that status over 16 years ago.[1] All of ISR's Registered Marks enjoy the presumption that they are valid.

Nearly two years after ISR filed this suit and when the parties were already well into discovery, RGIFTS moved, and was granted leave, to amend its counterclaims to add new claims under federal and state antitrust laws, for tortious interference, and for unfair competition

---

[1] ISR's oldest Registered Mark (No. 1,356,046) appears on the Supplemental Register. Marks on the supplemental register cannot obtain incontestable status.

(collectively, the "Antitrust Counterclaims"). (See Dckt. #98, Counts 6–11.) ISR promptly filed a motion to dismiss each of the Antitrust Counterclaims (*i.e.*, Counts 6–11) for failing to plead a claim sufficiently under Rule 12(b)(6). (Dckt. #111, 112.)

ISR subsequently filed a motion to bifurcate and stay discovery relating to RGIFTS' Antitrust Counterclaims. (Dckt. #136, 137.) On May 15, 2024, this Court stayed all discovery regarding the Antitrust Counterclaims, but denied ISR's request to bifurcate them from the trademark case. (Dckt. #155.) However, the Court clarified that ISR may renew its motion to bifurcate if one or more of RGIFTS' counterclaims survived the then-pending motion to dismiss. (*Id.*)

On July 31, 2024, this Court granted all but one part of ISR's Motion to Dismiss but did so without prejudice, giving RGIFTS leave to amend the portions of its counterclaims that were dismissed. (Dckt. #165.)  RGIFTS filed its Second Amended Counterclaims on August 21, 2024. (Dckt. #175.) ISR promptly filed its motion to dismiss the Second Amended Counterclaims on September 12, 2024. (Dckt. #182, 184.) RGIFTS' response to that motion is due September 30, and ISR's reply is due October 7. (Dckt. #185.)

Given that Counts 6 and 7 of the Second Amended Counterclaims plead the same causes of action as their respective counts in the earlier, stayed counterclaims (*i.e.*, tortious interference and unfair competition), ISR has expressed to RGIFTS that the Court's stay of discovery concerning those counts should extend to the renewed Counts 6 and 7 pending resolution of ISR's motion to dismiss. RGIFTS disagreed.

Therefore, as it did in its May 15 Order, the Court should continue to bar RGIFTS's efforts to compound expansive and expensive discovery on its non-trademark-related claims until at least the Court has decided that those claims were sufficiently pled under Rule 12(b)(6). (*See* Dckt.

3

#182, 184.)[2] Doing so will promote judicial economy without prejudicing either party.

## ARGUMENT

When a motion to dismiss is pending, courts should consider the following factors to determine whether good cause exists to stay discovery: "(1) whether a stay will prejudice the non−moving party; (2) whether a stay will simplify the issues in the case; and (3) whether a stay will reduce the burden of litigation for the parties or the court." *See Hayes v. Bd. of Educ. for City of Chicago*, No. 21 C 1198, 2021 WL 8153761, at *1 (N.D. Ill. Dec. 22, 2021).

In addressing ISR's earlier motion to stay regarding the same counterclaims, this Court found "good cause to stay discovery regarding defendant RGIFTS' recently added counterclaims pending the resolution of the fully briefed motion to dismiss those counterclaims." (Dckt. #155.) Although the Court denied ISR's request to bifurcate the challenged counterclaims, it confirmed that "[i]f one or more of defendant's counterclaims survive the pending motion to dismiss, plaintiff may renew its motion to bifurcate as appropriate." (*Id.*)

Now, the parties are in a nearly identical position. RGIFTS has refiled two of the six counts that were recently dismissed by the Court, claiming tortious interference with business relationships (Count 6) and common law unfair competition (Count 7). (Dckt. #175 ¶¶ 104–111.) ISR has renewed its motion to dismiss those counterclaims, with briefing on that motion to be completed by October 7, per the Court's recent Order. (*See* Dckt. #185.)

Although RGIFTS elected not to refile their baseless counterclaims based on federal and Illinois antitrust law, its Counts 6 and 7 for tortious interference and unfair competition rest on the same allegations and conclusions as its now-dismissed antitrust claims. Indeed, they all rely upon ISR's use of its Registered Marks in commerce, or assertions of exclusive rights to use those

---

[2] As the Court advised in its May 15 Order, ISR reserves its right to move to bifurcate and stay these counterclaims if any of them survives ISR's motion to dismiss.

Marks, as the basis for the counterclaims. For example, RGIFTS grounds both of its counterclaims on the unfounded assertion that ISR had "enter[ed] into an unlawful, anticompetitive, and exclusionary contract." (Dckt. #175 ¶¶ 105, 109.) Thus, RGIFTS would essentially have to establish—and ISR would have to defend against—that the agreement in question was illegal under antitrust law. As this Court recognized in its earlier Order staying these counterclaims, "discovery in *any* antitrust case can quickly become enormously expensive and burdensome to defendants." *Dsm Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007); *Lupia v. Stella D'Oro Biscuit Co.,* 586 F.2d 1163, 1167 (7th Cir. 1978)).

Until Plaintiff introduced the Antitrust Counterclaims into this case, the parties understood this case to be a trademark infringement case. ISR claimed that its Registered Marks were valid and that RGIFTS infringed them. RGIFTS alleged that those Marks were invalid and sought to cancel them. The parties have now litigated and conducted discovery on those issues for nearly three years.

The parties are completing discovery in the trademark case, with depositions scheduled in the coming weeks. Discovery closes in a month. (Dckt. #180.) Allowing discovery into RGIFTS' newly refiled counterclaims would interject a host of new issues, including those grounded in antitrust. This discovery could be completely unnecessary if the Court grants ISR's Motion to Dismiss the Second Amended Counterclaims. ISR respectfully asks the Court to pause RGIFTS' attempts to increase the cost of this litigation and delay ISR's ability to try its trademark case, at least until the Court has ruled on ISR's Motion to Dismiss. *See Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013) (noting that district court judges "enjoy extremely broad discretion in controlling discovery").

5

## CONCLUSION

Therefore, for the reasons above, which are the same reasons that the Court recognized in staying discovery regarding these counterclaims the first time (*i.e.*, in Dckt. #155), ISR respectfully asks the Court to stay discovery regarding Counts 6 and 7 pending resolution of ISR's Motion to Dismiss RGIFTS' Second Amended Counterclaims (Dckt. #182).

September 23, 2024

Respectfully submitted,

**INTERNATIONAL STAR REGISTRY OF ILLINOIS, LTD.**

By:    */s/ Shaun Zhang*
Olivia Bedi
Kalia Coleman
Keyonn L. Pope
Shaun Zhang
Edgar Matias
RILEY SAFER HOLMES & CANCILA LLP
1 South Dearborn Street, Suite 2200
Chicago, IL 60603
Tel: 312-471-8700
obedi@rshc-law.com
kcoleman@rshc-law.com
kpope@rshc-law.com
szhang@rshc-law.com
ematias@rshc-law.com

*Counsel for Plaintiff/Counter-Defendant*
*International Star Registry of Illinois, Ltd.*

6

**CERTIFICATE OF SERVICE**

This is to certify that on this 23rd day of September 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Konrad Val Sherinian
Depeng Bi
Jeffrey Stephen Dixon
The Law Offices of Konrad Sherinian, LLC
1755 Park Street
Suite 200
Chicago, IL 60563
Tel. (630) 318-2606
ksherinian@sherinianlaw.net
ebi@sherinianlaw.net
jdixon@sherinianlaw.net

/s/ Shaun Zhang
Shaun Zhang
RILEY SAFER HOLMES & CANCILA LLP
1 South Dearborn Street, Suite 2200
Chicago, IL 60603
Tel: 312-471-8700
szhang@rshc-law.com

7