## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.1)
### Eastern Division

International Star Registry of Illinois, Ltd.

                                 Plaintiff,

v.                                                             Case No.: 1:21−cv−06446
                                                                      Honorable Jeffrey I Cummings

RGIFTS LIMITED, et al.

                                 Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, October 29, 2024:

      MINUTE entry before the Honorable Heather K. McShain: Before the Court is plaintiff's motion to stay discovery [191] as to Counts 6 and 7 of defendant's Second Amended Counterclaims [175, 190] pending resolution of plaintiff's motion to dismiss those counterclaims [182]. Defendant opposed the motion [198]. In response to the Court's minute order of 10/25/2024 [205], via joint email dated 10/28/2024, defendant confirmed that is has taken all necessary discovery regarding the counterclaims but plaintiff has not taken further discovery. As a result, defendant asserts in the joint email that if plaintiff should take additional discovery on the counterclaims, defendant cannot rule out that it will also require additional discovery. "The mere filing of a motion to dismiss does not automatically stay discovery." Huang v. GeLab Cosmetics LLC, 2023 WL 3226198, at *2 (N.D. Ill. May 3, 2023). See SK Hand Tool Corp. v. Dresser Indus., 852 F.2d 936, 945 n.11 (7th Cir. 1988) ("Discovery need not cease during the pendency of a motion to dismiss."). There must be "good cause" for staying discovery, In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 331, 336 (N.D. Ill. 2005) (citing Fed. R. Civ. P. 26(c), (d)), and "[t]he party seeking a stay bears the burden of proving that the court should exercise its discretion in staying the case." Robinson v. Walgreen Co., 2021 WL 2453069, at *1 (N.D. Ill. June 16, 2021). "[M]agistrate and district courts enjoy extremely broad discretion in controlling discovery." Jones v. City of Elkhart, Ind., 737 F.3d 1107, 1115 (7th Cir. 2013). "In considering a motion to stay discovery, courts analyze and balance several competing interests, including: '(i) whether a stay will unduly prejudice or tactically disadvantage the non−moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court.'" Garrick v. Moody Bible Institute, 2021 WL 5163287, at *3 (N.D. Ill. 2021) (quoting Pfizer, Inc. v. Apotex, Inc., 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009)). See also Huang v. GeLab Cosmetics LLC, 2023 WL 3226198, at *2 (N.D. Ill. May 3, 2023) (same). "These factors, 'although not necessarily binding, help provide guideposts for the exercise of discretion.'" Garrick, 2021 WL 5163287, at *3 (quoting Witz v. Great Lakes Educ. Loan Servs., Inc., 2020 WL 8254382, at *1 (N.D. Ill. Jul. 30, 2020)). First, the Court finds that defendant would not be "unduly prejudiced or tactically disadvantaged" by a stay of discovery as to Counts 6 and 7 of its counterclaims. Defendant argues that plaintiff has not addressed the obvious prejudice of a stay faced by defendant: that defendant will not be able to obtain discovery on its counterclaims prior to the close of

discovery. [198] 4. The Court does not track this argument, particularly given the parties' joint email dated 10/28/2024. In the joint email, defendant represents that it has the discovery it needs on the counterclaims. Moreover, if discovery is stayed, then defendant need not worry about a discovery deadline and, if the motion to dismiss is denied, then defendant will have the opportunity to engage in discovery on the two counterclaims, if needed, along with plaintiff and as defendant requested in the joint email. Second, "without taking any position as to the merits of [plaintiff's] arguments for dismissal, the fact that the issues raised could potentially be dispositive weighs in favor of staying discovery." Rodriguez v. Ford Motor Co., 2022 WL 704780, at *1 (N.D. Ill. Mar. 9, 2022). See also Bilal v. Wolf, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007) (holding that stays of discovery are "not disfavored and are often appropriate where the motion to dismiss can resolve the case"). Plaintiff's motion to dismiss seeks to dismiss defendant's counterclaims of tortious interference with business relationships and unfair competition. Although plaintiff's motion only seeks to dismiss two of defendant's counterclaims and granting the motion would not entirely dispose of the counterclaims, a stay in this case pending ruling on the motion to dismiss nevertheless has the potential to "simplify the issues in question and streamline the trial." As plaintiff points out, this has been a trademark infringement case so far and defendant's counterclaims, although no longer concerning antitrust law, do add new issues into the case. Third, a temporary stay pending resolution of the motion to dismiss will reduce the burden and costs of litigation on the parties. As mentioned, Counts 6 and 7 of defendant's counterclaims add new issues such that discovery in this case would no longer be solely focused on trademark issues. This widens and increases the scope of discovery the parties must engage in. Ruling on the pending motion has the potential to dismiss these claims and dispense with the need for the parties to engage in discovery related to these new issues. Plaintiff's motion to dismiss is also fully briefed [182, 194, 200], weighing in favor of granting the stay. For the foregoing reasons, in the exercise of its "extremely broad discretion in controlling discovery," Jones, 737 F.3d at 1115, the Court grants plaintiff's motion to stay discovery [191] as to Counts 6 and 7 of defendant's Second Amended Counterclaims [175, 190] pending resolution of plaintiff's motion to dismiss those counterclaims [182]. Joint status report deadline of 11/25/2024 [205] stands. The parties may contact chambers at any time (by email to Chambers_McShain@ilnd.uscourts.gov) if they would like the Court's assistance with settlement. Mailed notice. (pk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.