**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| INTERNATIONAL STAR REGISTRY OF ILLINOIS, LTD, <br><br> Plaintiff, <br><br> v. <br><br> RGIFTS LIMITED, <br><br> and <br><br> MATEI SUPPLY CORP., <br><br> Defendants. | Civil Action No. 21-CV-6446 <br><br> Hon. Judge Jeffrey I. Cummings <br><br> Hon. Mag. Judge Heather K. McShain |

**RGIFTS' OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL**

I.  INTRODUCTION

As previewed by the Parties' dueling summary of issues regarding open discovery disputes, Plaintiff's motion largely caught RGIFTS LIMITED ("RGIFTS") by surprise. In particular, the meet-and-confer between the parties focused almost entirely on Plaintiff's attempt to discover information about the undersigned counsel's investigation of this case, and the undersigned counsel did, in fact, certify that the underlying work product issue was at an impasse. *See* Joint Status Report [Dkt 207] at 2, in which RGIFTS noted that, based on its records, this was the only remaining issue. ISR noted in the joint status report its disagreement as to only one issue remaining, but without identifying any other issue. *See id.* However, the only other subject that was discussed during the meet-and-confer was whether or not RGIFTS conducted a proper search, and, by all accounts, Plaintiff abandoned its objections on this matter. In particular, counsel for RGIFTS offered to review, again, the documents that had been surfaced by RGIFTS during its search and produce any that could possibly be relevant. Plaintiff did not, in any way, reject this proposal, and RGIFTS followed through on re-reviewing surfaced documents, resulting in the production of both Slack and email messages in its 21st and final document production on November 22, 2024. This effectively left the matter closed, as the discovery deadline has now passed. In addition, and contrary to what Plaintiff claims, the only deficiencies that were actually raised at the meet-and-confer were addressed in RGIFTS' 21st production, including the referenced Slack message. *See* Motion at 4; SEALED Exh. G (emails); SEALED Exh. H (Slack message).

Turning to the search methodology used by RGIFTS, it was quite robust, and involved reviewing every individual email, Slack message, and other communication other than those with its customers, with the search term "international star registry" being used only for RGIFTS' customers emails. Declaration of Rhys King, attached as Exh. A, para 5. Specific instructions were given by counsel to ensure that all potentially relevant information was turned over to counsel. King Decl. Exh. A, para 6; Declaration of Jeffrey Dixon, attached as Exh. B, para 6; Declaration of Konrad Sherinian, attached as Exh. C, para 6. All the

information provided by RGIFTS was then reviewed again by RGIFTS' counsel for relevance and privilege prior to producing it to Plaintiff. However, ISR is asking that every occurrence of "star registry" be searched and turned over to them. Motion at 3. This request is the very definition of unduly burdensome – in particular, it would flag every email and nearly every document in RGIFTS possession, as RGIFTS does business under the mark STAR NAME REGISTRY, and uses the email domain @star-name-registry.com. *See* King Decl. Exh. A, para 7. Searches using both Google and Outlook flag emails from the domain @star-name-registry.com when the search term "star registry" is used (both with and without quotation marks). *See id.* para 8. This was properly objected to and was the subject of multiple meet-and-confers with prior counsel, as well as significant offers of compromise. *See* Dixon Decl. Exh. B paras 8, 9; Sherinian Decl. Exh. C paras 8, 9; Correspondence attached as Exhs. D, E, F. Accordingly, this matter also appears to have been settled by the actions of ISR's prior and present counsel, or alternatively, should be deemed untimely raised in Plaintiff's present Motion.

The remaining issues raised by ISR in its motion were never addressed at the meet-and-confer. These include (1) any communications between RGIFTS and its contractors; (2) any communications between RGIFTS and its vendors; (3) any communications between RGIFTS and the freelancer who worked on TikTok posts; (4) RGIFTS' response to ISR's Request for Production No. 1; (4) RGIFTS' response to ISR's Request for Production No. 19; (5) RGIFTS' response to ISR's Request for Production No. 3, other than as it pertained to the issue regarding ISR's claimed right to discover details about the undersigned attorney's investigation of the case; (6) RGIFTS' response to ISR's Interrogatory No. 11, other than as it pertained to the issue regarding ISR's claimed right to discover details about the undersigned attorney's investigation of the case. *See* Dixon Decl. Exh. B para 10; Sherinian Decl. Exh. C para 10. While these issues are addressed below, as ISR is springing these issues on RGIFTS for the first time after the close of discovery, no proper meet-and-confer took place, and the entirety of Plaintiff's motion-to-compel should be denied for that reason as well.

II.  **ARGUMENT**

   a. **RGIFTS Conducted a Reasonable Search for Responsive Materials.**

   i. **Legal Standard**

"Not all relevant information is discoverable." *Motorola Solutions v. Hytera Communications Corp.*, 365 F.Supp.3d 916, 924 (N.D. Ill. 2019). Rather it is permissible to refuse discovery of marginal relevance. *Id*. Further, "[u]nder Rule 26, discovery" that is "sought must be not only relevant, but it must be 'proportional' to the needs of the case, 'considering the importance of the issue at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Id. quoting Lechuga v. Magallanes*, 2017 WL 8181556, at *1 (W.D. Tex. 2017). "[W]hen the discovery request is overly broad, or relevancy is not apparent, the requesting party must establish relevancy." *Craigville Tel. Co. v. T-Mobile U.S., Inc.*, 19 CV 7190 at *5 (N.D. Ill. May 12, 2022). "The discovery rules are not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest. Parties are entitled to a reasonable opportunity to investigate the facts and no more." *Craigville Tel. Co.*, at 5-6 *quoting Vakharia v. Swedish Covenant Hosp.*, 1994 WL 75055 at *2 (N.D. Ill. 1994).

   ii. **RGIFTS Conducted a Reasonable Search for Responsive Materials.**

There are many reasons for the court to deny ISR's motion to compel on this point, including ISR's failure to adequately review the production it requested prior to filing its motion-to-compel, the search that ISR requests being incredibly burdensome in that searching for "star registry" would flag *every* email that RGIFTS has sent from or received at its email domain @star-name-registry.com King Decl. Exh. A para 8, the lack of a proper meet-and-confer Dixon Decl. Exh. B para 10; Sherinian Decl. Exh. C para 10, and the requested search having been the subject of multiple meet-and-confers and offers of compromise *more than a year ago*, *see* Dixon Decl. Exh. B paras 8, 9; Sherinian Decl. Exh. C paras 8, 9; Correspondence

3

attached as Exhs. D, E, F. However, the simplest reason to deny ISR's motion is that the search methodology employed by RGIFTS was entirely reasonable. *See* King Decl. Exh. A paras 5-6.

RGIFTS reviewed every email other than those with its customers, as well as every Slack message and other communication, for anything that could be deemed relevant. King Decl. Exh. A para 5-6. In addition, all customer emails were searched for the term "international star registry." King Decl. Exh. A para 5. Multiple meetings were held between counsel and RGIFTS that went over each and every request for production to ensure that anything that could be relevant was surfaced to counsel. King Decl. Exh. A para 6; Dixon Decl. Exh. B para 6; Sherinian Decl. Exh. C para 6. All the information provided by RGIFTS was then reviewed again by RGIFTS' counsel for relevance and privilege prior to producing it to Plaintiff. Dixon Decl. Exh. B para 7; Sherinian Decl. Exh. C para 7. RGIFTS' search methodology was reasonable, and it resulted in the production of thousands of pages of documents.

Accordingly, ISR's motion to compel an additional search should be denied.

### iii. ISR did not conduct an adequate review of the produced materials prior to filing its motion-to-compel.

ISR acknowledges that RGIFTS made a sizeable document production on November 22, 2024. Motion at 1. However, ISR also claims that this production was "not responsive to ISR's document requests," *id.* and claimed that "there were Slack messages between RGifts and Matei Supply Corp. regarding the litigation, which RGifts has not yet produced." Motion at 4. These are incorrect statements.

RGIFTS production on November 22 included many responsive documents, including Slack and email messages. *See* Email Messages, attached hereto as Exh. G (under seal), and Slack Messages, attached hereto as Exh. H (under seal). These are the only Slack or email messages between RGIFTS and MATEI that were located. King Decl. Exh. A para 14; Dixon Decl. Exh. B para 25; Sherinian Decl. Exh. C para 28.

Accordingly, ISR did not adequately review the materials that RGIFTS produced on November 22, 2024 before rushing to file its motion, which moved this court to compel production of materials that have already been produced. This is another reason to deny ISR any further relief.

> iv. **Requiring RGIFTS to search "star registry," when it does business under the mark "star name registry," is unduly burdensome in the extreme and ISR has not addressed any other objection raised by RGIFTS.**

ISR is asking the court to order a third party to conduct a search of RGIFTS' emails, internal communication systems, Google Drive and Dropbox account for all occurrences of a number terms, including "star registry." Such a search would be incredibly burdensome, given that RGIFTS does business under the mark STAR NAME REGISTRY and uses the email domain "@star-name-registry.com." Accordingly, every email that RGIFTS has sent or received would be surfaced by such a search. King Decl. Exh. A para 8. This would likely surface over one million documents, nearly all of which would be irrelevant to any issue in this case. *See* King Decl. Exh. A para 8. Nonetheless, all of these documents would have to be reviewed by an attorney for relevance and privilege, at an enormous cost to RGIFTS.

Turning to the requests that ISR raised in its motion to compel (but not at the meet-and-confer as addressed below), and RGIFTS response to the same, they are listed below:[1]

> REQUEST FOR PRODUCTION NUMBER 1
>
> All documents and things relating to the first use of Defendants' Allegedly Infringing Marks and/or variations thereof in connection with Defendants' goods or services.
>
> FIRST-AMENDED RESPONSE
>
> Defendants object to this request as overly broad and unduly burdensome in that it requests "[a]ll documents…" as opposed to limiting the documents and things requested in a reasonable manner. Defendants object to the request as vague and ambiguous in that [sic][it] requests certain documents and things "in connection with Defendants'' goods or services." Defendants interpret this be goods and services claimed in any

---

[1] These are the only requests that are listed in Exhibit F to ISR's motion, and which ISR highlighted in yellow. ISR's motion is extremely unclear as to which requests it is actually attempting to claim RGIFTS has not adequately responded to.

5

trademark registration for any trademark in the United States Patent & Trademark Office. Subject to and without waiving these specific objections, the General Objections, and the General Notes, Defendants have produced appropriate non-privileged materials that are responsive to this request uncovered by a reasonable search.

REQUEST FOR PRODUCTION NUMBER 3

All documents which refer or relate to communications with any third parties pertaining to this lawsuit or any issues referring or relating to this lawsuit.

FIRST-AMENDED RESPONSE

Defendants object to this request as overly broad and unduly burdensome in that it requests "[a]ll documents…" as opposed to limiting the documents and things requested in a reasonable manner. Defendants object to this request as seeking information that is protected from disclosure by the attorney-client privilege, the work-product doctrine or any other privilege, doctrine or immunity that serves to shield information from disclosure during litigation. Defendants object to this request as vague and ambiguous in that it uses the phrase "communications … pertaining to this lawsuit or any issues …," the meaning of which is unclear. Defendants could only speculate as to what Plaintiff considers to be a communication "pertaining to this lawsuit or any issues…" Defendant object to this request as vague and ambiguous in that it uses the phrase "any issues referring or relating to this lawsuit," the meaning of which is unclear. Defendants interpret it to mean "issues relating to this lawsuit." Defendants object to this request as calling for one or more legal conclusions as to what is at issue in this lawsuit. Subject to and without waiving these specific objections, the General Objections, and the General Notes, Defendants respond that no non-privileged communications exist. Documents exist which refer and relate to communications between Defendants' counsel and retained expert James Berger.

REQUEST FOR PRODUCTION NUMBER 19

All documents referring or relating to business, sales, marketing, search engine optimization advertising plans and referring or relating to Defendant's Allegedly Infringing Marks including and/or to Defendants' goods and/or services using said mark(s).

FIRST-AMENDED RESPONSE

6

> Defendants object to this request as overly broad and unduly burdensome in that it requests "[a]ll documents…" rather than attempting to limit the request in a meaningful way. Defendants object to this request as vague and ambiguous in that it refers to "search engine optimization advertising plans," the meaning of which is not clear. Defendants interpret this to mean "Internet and social media advertising plans." Subject to and without waiving these specific objections, the General Objections, and the General Notes, Defendants have produced appropriate non-privileged materials uncovered by a reasonable search that are responsive to this request.

RGIFTS properly objected to the requests that ISR raised in its motion to compel (but which ISR neglected to raise at the meet-and-confer as addressed below), and ISR addressed none of these objections other than in its self-serving assertion that the requested search is proportional and not burdensome. Motion at 5. However, given the search that ISR is pushing for, it is clear that the requests are unduly burdensome. "The Supreme Court has cautioned that the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied[] …" *Uppal v. Rosalind Franklin Univ. of Medicine & Science*, 124 F.Supp.3d 811, 814 (N.D. Ill. 2015). As such, Rule 26 requires that the material sought in discovery be not only relevant to the claims and defenses in the case, but also proportional to the needs of the case. Fed. R. Civ. Pro. 26(b)(1). Or, in other words, "discovery rules are not a ticket . . . to an unlimited, never-ending exploration of every conceivable matter the captures an attorney's interest." *Uppal*, 124 F. Supp. 3d at 814. This is especially true when, as in this case, Plaintiff has not made any showing that any documents were actually not produced.

Turning to Request 1, RGIFTS searched for and produced all documents relating to the first use of STAR NAME REGISTRY, as well as to RGIFTS' first use of the term INTERNATIONAL STAR REGISTRY. King Decl. Exh. A para 9; RGIFTS US sales by quarter, state, and item (attached as SEALED Exh. M); Trademark application file history for STAR NAME REGISTRY (attached as Exh. N); RGIFTS incorporation documents (Exh. O).

7

Turning to Request 3, RGIFTS searched for and produced all non-privileged communications with third-parties that refer to STAR NAME REGISTRY, STAR REGISTRY, STARREGISTRY.COM or INTERNATIONAL STAR REGISTRY (including vendors and contractors). King Decl. Exh. A para 9; SEALED Exhs. G-I, Kand L.

Turning to Request 19, RGIFTS searched for and produced all business, sales, marketing, and search engine optimization advertising plans. King Decl. Exh. A para 10; SEALED Exh. I.

Given that responsive documents have been produced, requiring an additional search that would flag numerous irrelevant documents would clearly be unduly burdensome, and should be denied.

> **v. Plaintiff did not conduct a proper meet-and-confer on this issue.**

While the issue of RGIFTS' search methodology was discussed at the meet-and-confer held by the parties on November 20, 2024 it clearly was not at an impasse. Dixon Decl. Exh. B para 11; Sherinian Decl. Exh. C para 11. Rather, RGIFTS' counsel proposed that it would conduct further review of documents uncovered by RGIFTS' search and produce documents that could be relevant, or that ISR had specifically requested. Dixon Decl. Exh. B para 11; Sherinian Decl. Exh. C para 11. Given that ISR failed to notice certain documents that were produced, and that RGIFTS was continuing to make good-faith efforts to resolve discovery issues, it is clear that this motion was filed prematurely. *Brown v. Illinois Department of Natural Resources*, Case No. 05-C-2640 at *1 (N.D. Ill. Jun. 29, 2007). This is yet another reason to deny Plaintiff's motion-to-compel.

> **vi. Plaintiff is clearly not prejudiced by RGIFTS' refusal to search all documents for "star registry," as it had taken no action on the issue for more than a year.**

Plaintiff first requested in an email of June 9, 2023 that RGIFTS search for "what we defined in paragraph K of the Instructions and Definitions section of our First Set of Interrogatories," and in particular, "instances where two of the words or their formatives appeared. Such current or prior uses by your client would include, among others, . . . STAR NAME REGISTRY, STAR-NAME-REGISTRY . . ." or variations of

these names and marks." See ISR's June 9, 2023 Email, attached hereto as Ex. D. RGIFTS quickly responded that such a search was unreasonable as early as June 14, 2023. *See* RGIFTS' June 14, 2023 Letter Ex. E. In the same letter, RGIFTS offered to review an explanation as to the justification for such a wide-ranging search. *Id*. The matter was raised again in an email from the undersigned counsel on June 22, 2023. 22JUNE2023 Email Exh. F. In the same email, RGIFTS offered to discuss the matter further with opposing counsel. *Id.*

However, during the entire period from June 2023 to the filing of its Motion, ISR never proposed any compromise. Such a delay is fatal to discovery motions. *Motorola Solutions v. Hytera Communications Corp.*, 365 F.Supp.3d 916, 919-20 (N.D. Ill. 2019)("the cases are quite uniform in rejecting claims of prejudice where a party could, but does not, take action and later cries foul.")(citations omitted). Accordingly, ISR'S long and unexplained delay in acting is sufficient reason to deny any relief on this point. ISR claims it needs to. Motion at 4. However

In addition, ISR has grossly exaggerated any need for the requested discovery, which it argues it needs to determine whether RGIFTS is using ISR's trademarks to drive search engine optimization. Information about RGIFTS' search engine optimization of its website is available to the public by accessing and inspecting the content of the website itself, examining backlinks to the website, and testing user experience. King Decl. Exh. A para 11.

Further, ISR complains that ISR has not "produced communications with third parties, such as vendors, contractors, and competitors." Motion at 6-9. However, this is simply not true. RGIFTS produced numerous communications with third parties, including marketing vendor Media Lounge (SEALED Exh. I; Deposition of Rhys King at 265:17-18, attached as SEALED Exh. J); contractor MATEI (SEALED Exhs. G and H); and vendors Groupon (SEALED Exh. K) and Facebook (SEALED Exh. L). King Decl. Exh. A para

9

12;.[2] Also, ISR claims that it needs communications between RGIFTS and third parties to address RGIFTS affirmative defenses, such as fair use; however, the nature of RGIFTS' use of alleged trademark terms, whether descriptive (and thus fair, under the doctrine of classic or descriptive fair use) or as trademarks, can be discerned from the alleged use itself. The alleged uses are public and therefore publicly accessible. *See* Complaint para 29. For example, RGIFTS' US website, star-name-registry.org, is publicly accessible (*see* King Decl. Exh. A para 11) and has also been produced in this case.

In an attempt to demonstrate that RGIFTS is withholding relevant information, ISR raised a freelancer that worked on TikTok posts for RGIFTS in its motion-to-compel (but not at the meet-and-confer). Motion at 6-7. However, while Mr. King honestly testified that he did not specifically search for the TikTok posts authored by the freelancer in question, had the issue been raised at the meet-and-confer, RGIFTS' counsel would have agreed to a reasonable further search directed specifically to any written record of communications with that freelancer. *See* Dixon Decl. Exh. B para 19; Sherinian Decl. Exh. C para 22.

Accordingly, ISR filed a motion-to-compel a broader search more than a year after the issue was first raised supposedly for the purpose of compelling the production of documents that it largely already has (SEALED Exhs. G and H) or do not exist (see above). This is a waste of time, and yet another reason to deny ISR's motion-to-compel.

    b. **Counsel's Calls with Competing Star Registries are Protected Work-Product.**

        i. **Legal Standard**

Pursuant to Rule 26(b)(3)(A) "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" unless "they are otherwise discoverable under Rule 26(b)(1)" and "the party shows that it has substantial need for the

---

[2] There are no written communications with competing star registries and the oral communications that occurred are protected from disclosure by the work-product doctrine as discussed in Sec. II.b below.

10

materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." "[T]he work-product doctrine is designed to serve dual purposes: (1) to protect an attorney's thought processes and mental impressions against disclosure; and (2) to limit the circumstances in which attorneys may piggyback on the fact-finding investigation of their more diligent counterparts." *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 621-22 (7th Cir. 2010). "Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney." *Hickman v. Taylor*, 329 U.S. 495, 510 (1947). The work product doctrine protects an attorney's mental impressions and recollections. *Cooper v. Rezutko*, Case 3:17-CV-834 at *10 (N.D. Ind. Feb. 10, 2022) *citing In re Sealed Case*, 856 F.2d 268, 273 (D.C. Cir. 1988) (additional citations omitted). Rule 26 protects "*all* 'documents and tangible things that are prepared in anticipation of litigation.'" *Appleton Papers, Inc. v. Envtl. Prot. Agency*, 702 F.3d 1018 (7th Cir. 2012) *citing* Fed. R. Civ. P. 26(b)(3)(A). Work product can be separated into fact and opinion work product. *Id.* "'Fact' work product is discoverable in the *rare cases*" where a party makes a showing of substantial need. *Id*. (emphasis added).

### ii. ISR cannot invade trial counsel's mind

During counsel's initial discussion on this matter, ISR's counsel represented that she knew that RGIFTS was withholding communications with other competing star registries, strongly implying that she was in possession of a written communication. Sherinian Decl. Exh. C para 12. As it turned out, there are no written communications with competing star registries other than ISR. King Decl. Exh. A para 13; Sherinian Decl. Exh. C para 13. However, there are a number of phone calls placed by counsel to competing star registries most of which occurred during or before March of 2023. Sherinian Decl. Exh. C para 13. During the meet-and-confer, the undersigned counsel indicated that any such communications would be protected from discovery as they would involve counsel's investigation into the case. Sherinian Decl. Exh. C para 14. And that is correct.

There are no written communications between counsel and competing star registries, and, as is counsel's standard practice, there are no notes of the calls. Sherinian Decl. Exh. C para 13. Accordingly, ISR is attempting to discover information that exists solely in the mind of the undersigned counsel. *See id.*[3]

ISR also claims that these communications should have been produced in a privilege log. However, there are no documents to refer to, and accordingly, nothing that can be logged about them, other than, perhaps, the dates of the calls.[4] Further, the only facts required to evaluate the claim of privilege is that the calls were (1) made by RGIFTS' outside counsel, and (2) made to competing star registries, and both of these facts were freely disclosed to ISR during the meet-and-confer. Dixon Decl. Exh. B para 12; Sherinian Decl. Exh. C para 13. This was not an investigation made to ward off the remote prospect of litigation – rather, these were calls made long after ISR filed this litigation to flush out information that could be used to defend claims made by ISR, and to prosecute claims made against ISR. Sherinian Decl. Exh. C para 15. Accordingly, the work product doctrine is especially protective of such information, and ISR has no right to access the same. *Upjohn Co. v. United States*, 449 U.S. at 398-99 (1981)("Forcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored . . ..") In addition, oral communications are generally not required to be recorded in a privilege log. *Doyle v. City of Chicago*, 943 F. Supp. 2d 815, 826-27 (N.D. Ill. 2013)("preparing a privilege log for verbal conversations attempting to parcel out what is privilege, or not, is generally uninformative and logically awkward.") *citing to Johnson v. Couturier*, 261 F.R.D. 188, 191 n5 (E.D. Cal. 2009).

ISR relies heavily on *E.E.O.C. v. Jewel Food Stores, Inc.*, 231 F.R.D. 343, 346 (N.D. Ill. 2005). However, as other courts in this district have observed, *Jewel Food Stores* involved an investigation conducted by a party, and not by its counsel. *Walker v. White*, Case No. 16-CV-7024 at *7 (N.D. Ill. May 2, 2019). And, as stressed by the court in *Walker*, the decision in *Jewel Food Stores* was issued prior to the

---

[3] Counsel only has a detailed recollection of one of these phone calls, which occurred in July 2024.
[4] Based on the undersigned's calendar, the dates of the calls to competing star registries was between October 2022 and July 2024, with all but one having occurred during or before March 2023.

12

Seventh Circuit's decision in *Appleton Papers, Inc. v. Environmental Protection Agency*, 702 F.3d 1018, 1023-24 (7th Cir. 2012), where the Seventh Circuit held that the work product doctrine protects "*all 'documents and tangible things that are prepared in anticipation of litigation.'*" *Walker* at *7. The court in *Walker* further observed that work product protection extends to intangibles as well (such as counsel's recollection of phone calls). *Id.* at *7-8 *citing to Hickman*, 329 U.S. at 511.

In addition, ISR has not made any showing that "it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). On the contrary, ISR's counsel is fully able to call competing star registries, identify herself, and ask for information. Accordingly, there is no reason to invade counsel's private recollection of phone calls, most of which were over a year ago. Accordingly, ISR's motion to compel should be denied.

### c. ISR and its Counsel Failed to Conduct an Adequate Meet-and-Confer

#### i. Legal Standard

In order to avoid undue delay and expense in the administration of justice, prior to filing a motion-to-compel, a party must meet-and-confer on all issues that are the subject of the motion. *Little v. Pritzker*, Case No. 18-C-6954 at *12-13 (N.D. Ill. Apr. 22, 2020). All matters that are the subject of a motion-to-compel discovery must have been addressed in a meet-and-confer prior to seeking court intervention. *Brown v. Illinois Department of Natural Resources*, Case No. 05-C-2640 at *1 (N.D. Ill. Jun. 29, 2007).

#### ii. The meet-and-confer skipped most of issues in ISR's motion-to-compel.

While third-party communications were discussed at length during the meet-and-confer of November 20, 2024, vendors and contractors were never raised. Dixon Decl. Exh. B para 13; Sherinian Decl. Exh. C para 16. Neither of the words "vendor" and "contractor" (or similar terms) appears in the letters exchanged between the parties, and ISR never sent a summary email. Dixon Decl. Exh. B para 14; Sherinian Decl. Exh. C para 17. If vendors and contractors had been raised, counsel for RGIFTS would have agreed to a further reasonable search. Dixon Decl. Exh. B para 19; Sherinian Decl. Exh. C para 22.

13

ISR's request for production 1 was never mentioned in any letter between the parties. Dixon Decl. Exh. B para 15; Sherinian Decl. Exh. C para 18. Further, this request was never mentioned at the meet-and-confer held on November 20, 2024. *Id.* Dixon Decl. Exh. B para 15; Sherinian Decl. Exh. C para 18. If request 1 had been raised, counsel for RGIFTS would have at least inquired as to the type of documents that were requested, or that ISR claimed were missing, and if the requests were reasonable, counsel for RGIFTS would have agreed to search further. Dixon Decl. Exh. B para 16; Sherinian Decl. Exh. C para 19.

ISR's request for production 3 was mentioned during the meet-and-confer, but only with regards to counsel's communications with other star registries. Dixon Decl. Exh. B para 17; Sherinian Decl. Exh. C para 20. It was never mentioned with regards to any other type of third party. Similarly, ISR's interrogatory 11 was briefly mentioned during the meet-and-confer, but again, only with regard to counsel's communications with other star registries. Dixon Decl. Exh. B para 18; Sherinian Decl. Exh. C para 21. As set forth above, if ISR had raised these requests with regards to other subjects, counsel for RGIFTS would have at least considered additional searching depending on the reasonableness of ISR's demands. Dixon Decl. Exh. B para 19; Sherinian Decl. Exh. C para 22.

ISR's request for production 19 was never mentioned in any letter between the parties. Dixon Decl. Exh. B para 20; Sherinian Decl. Exh. C para 23. Further, this request was never mentioned at the meet-and-confer held on November 20, 2024. Dixon Decl. Exh. B para 21; Sherinian Decl. Exh. C para 24. If request 19 had been raised, counsel for RGIFTS would have at least inquired as to the type of documents that were requested, or that ISR claimed were missing, and if the requests were reasonable, counsel for RGIFTS would have agreed to search further. Dixon Decl. Exh. B para 22; Sherinian Decl. Exh. C para 25.

### iii. ISR's meet-and-confer was grossly inadequate with regard to the issues raised in its motion.

ISR's LR37.2 Certificate claims that "Mr. Sherinian agreed that we had come to an impasse on the issues in ISR's motion to compel." That is simply not true – RGIFTS counsel only agreed that an impasse

14

was present with regards to his communications with other competing star registries. Dixon Decl. Exh. B para 23; Sherinian Decl. Exh. C para 26. With regards to the search issue, which is discussed above at length, no impasse had been reached. Dixon Decl. Exh. B para 24; Sherinian Decl. Exh. C para 27. The other issues were not even raised at the meet-and-confer. Dixon Decl. Exh. B para 10; Sherinian Decl. Exh. C para 10. In fact, the substance of ISR's motion completely caught RGIFTS' counsel off guard. Dixon Decl. Exh. B para 26; Sherinian Decl. Exh. C para 29.

As there was no proper meet-and-confer for the vast majority of the issues in ISR's motion, and the extent of the meet-and-confer that did occur was grossly exaggerated by ISR. Dixon Decl. Exh. B paras 10, 11, 13-25; Sherinian Decl. Exh. C paras 10, 11, 16-28, the Court should deny ISR's motion in the entirety.

### d. An award of fees to RGIFTS is appropriate as ISR's LR37.2 statement is incorrect, ISR's work product issue is frivolous, and ISR incorrectly stated that RGIFTS did not produce responsive documents in its last production.

ISR's motion was not well-considered. First, the LR37.2 statement is, at minimum, grossly exaggerated, as the only issue where the parties were at an impasse was the oral communications that counsel had with other star registries. *Id.* On top of that, the work product claim raised by ISR is frivolous – especially after the Seventh Circuit's decision in *Appleton Papers,* 702 F.3d at 1023-24. On top of all this, ISR claimed that RGIFTS did not produce responsive documents in its last production, when, in fact, RGIFTS did, including multiple email and Slack messages. *See* SEALED Exhs. G and H.

This motion should not have been filed, and an award of fees for RGIFTS would be appropriate.

### III. CONCLUSION

For the reasons set forth above, this Court should deny ISR's motion to compel. In addition, an award of RGIFTS' fees pursuant to Rule 37 is appropriate.

        Respectfully submitted,

Date: <u>December 11, 2024</u>        By:   <u>/s/ Konrad Sherinian</u>
        An attorney for Defendants

<u>Attorneys for Defendants</u>

Konrad Sherinian
Jeffrey S. Dixon
Edward (Depeng) Bi
The Law Offices of Konrad Sherinian, LLC
1755 Park Street, Suite # 200
Naperville, Illinois 60563
Phone: (630) 318-2606
Fax: (630) 364-5825
Email: ksherinian@sherinianlaw.net
Email: jdixon@sherinianlaw.net
Email: ebi@sherinianlaw.net
Email: courts@sherinianlaw.net

## **CERTIFICATE OF SERVICE**

I, Konrad Sherinian, an attorney, hereby certify that on December 11, 2024, I served the listed documents in Case No. 21-cv-6446(N.D. Ill.), otherwise known as *International Star Registry of Illinois, LTD v. RGIFTS LIMITED et al.* via the Court's CM/ECF system shortly after the filing of the listed documents to the Counsel of Record for Plaintiff International Star Registry of Illinois, LTD.

## **SERVED DOCUMENTS**

- This Certificate of Service
- RGIFTS Response in Opposition to Plaintiff's Motion to Compel
- Exhibits to Response in Opposition
- Declaration of Rhys King
- Declaration of Konrad Sherinian
- Declaration of Jeffrey Dixon

/s/ Konrad Sherinian
Konrad Sherinian

Konrad Sherinian
THE LAW OFFICES OF KONRAD SHERINIAN, LLC
1755 Park Street
Suite # 200
Naperville, Illinois 60563
P: (630) 318-2606
F: (630) 364-5825
Email: ksherinian@sherinianlaw.net