UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL STAR REGISTRY OF ILLINOIS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> RGIFTS LTD., ET AL., <br><br> Defendants. | No. 21 CV 6446 <br><br> District Judge Cummings <br><br> Magistrate Judge McShain |

**ORDER**

This case is a trademark infringement dispute between competitors that sell star registration services to the public. Plaintiff International Star Registry of Illinois, Ltd. has moved to compel defendant RGifts Ltd. to (1) submit its electronic storage accounts for review by a third-party vendor, based on defendant's allegedly inadequate document production; and (2) produce its communications with (A) its vendors and contractors and (B) other competing star registry services about this litigation or the issues relating to the litigation. [208].[1] Defendant opposes the motion. [212]. For the following reasons, the motion is denied.

**Legal Standard**

"In ruling on a motion to compel, the discovery standard set forth in Rule 26(b) applies." *Mendez v. City of Chicago*, 18-cv-6313, 2020 WL 4736399, at *3 (N.D. Ill. Aug. 14, 2020). Rule 26 "governs the scope of civil discovery and allows parties to obtain discovery regarding any matter that is: (1) nonprivileged; (2) relevant to any party's claim or defense; and (3) proportional to the needs of the case." *Barnes-Staples v. Murphy*, Case No. 20-cv-3627, 2021 WL 1426875, at *2 (N.D. Ill. Apr. 15, 2021). "[T]he resolution of discovery disputes is committed to the Court's extremely broad discretion." *Chicago Reg'l Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F. Supp. 3d 1044, 1046 (N.D. Ill. 2018).

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings.

### A. Search of Defendant's Electronic Storage Accounts

Plaintiff first argues that defendant did not conduct an adequate search for documents responsive to its Request for Production (RFP) 1, which asks for all documents relating to defendant's first use of its allegedly infringing marks in connection with its goods and services; RFP 3, which asks for all communications defendant had with third parties relating to this suit or any issues pertaining to the suit; and RFP 19, which asks for defendant's marketing plans and search-engine optimization plans. [208] 3-4. Plaintiff acknowledges that defendant has produced some documents, but it insists that, because defendant is a multi-million-dollar competitor based in the United Kingdom that has done business in the United States for more than ten years, there must be additional responsive documents. [*Id.*] 2. In support, plaintiff points to deposition testimony from defendant's principal, Rhys King, that he collected only "tens, not hundreds" of emails, and that defendant's employees use the messaging platform Slack but no Slack messages were produced. [*Id.*] 2, 4. Plaintiff also relies on defendant's alleged failure to produce communications with vendors, contractors, and competitors. [*Id.*] 4. Plaintiff accordingly seeks an order directing a third-party vendor to search defendant's electronic storage accounts–which include Google Drives, Slack, Dropbox (and presumably defendant's internal email)–using three search terms: International Star Registry, Star Registry, and Starregistry.com. [208] 3.

The Court denies this part of the motion for three reasons.

First, plaintiff has not established that it adequately met and conferred with defendant about the claimed deficiencies in defendant's search for responsive documents–let alone that it has completely exhausted its meet-and-confer obligations with respect to this dispute. Both Local Rule 37.2 and the undersigned's standing order on discovery motions require parties to completely exhaust their meet-and-confer obligations with respect to any discovery dispute before filing a motion to compel with the Court. *See* N.D. Ill. L.R. 37.2; *Little v. JB Pritzker for Governor*, No. 18 C 6954, 2020 WL 1939358, at *7 (N.D. Ill. Apr. 22, 2020). "These requirements are mandatory," and "[t]he failure to comply with Local Rule 37.2 . . . is itself grounds to deny a discovery motion." *Little*, 2020 WL 1939358, at *7; *see also Ballentine v. Vill. of Mokena*, No. 21 C 426, 2023 WL 11824852, at *1 (N.D. Ill. Dec. 27, 2023) ("the Motion can be denied solely on the basis that Defendant failed to comply with Local Rule 37.2"). Plaintiff's motion is not supported by any evidence that it met and conferred with defendant about the adequacy of defendant's search for documents responsive to RFPs 1, 3, and 19. *Cf. Bilek v. Fed. Ins. Co.*, No. 21 CV 1651, 2022 WL 18912277, at *2 (N.D. Ill. Dec. 12, 2022) (relying on party's failure to submit relevant Local Rule 37.2 correspondence to support its position as grounds for determining that discovery dispute was not ripe for judicial review). Rather, the meet-and-confer correspondence shows only that the parties conferred about plaintiff's request for defendant's communications with competitors (discussed in more detail below) and a

2

narrow issue involving a failure to produce certain emails and Slack messages (also discussed below). *See* [208-2] (email sent by plaintiff's counsel on October 24, 2024 focusing on competitor communications and unproduced Slack messages and emails); [208-3] (email sent by plaintiff's counsel on November 15, 2024 addressing same two topics). Likewise, plaintiff has not provided an email or other document that summarizes the parties' November 20, 2024 meet-and-confer session or describes the specific issues on which the parties had reached an impasse. Finally, plaintiff's Local Rule 37.2 certificate, while facially adequate, says nothing about this issue. *See* [208] 11. In contrast, defendant has submitted two declarations from its attorneys stating that the parties did not discuss the adequacy of defendant's responses to RFPs 1, 3, or 19 (with two exceptions discussed below) at the November 20 meet-and-confer session. *See* [212-2] at ¶¶ 9-10; [212-3] at ¶ 9, 11. Thus, plaintiff has not complied with Local Rule 37.2.

Second, plaintiff's request for a further search of defendant's electronic storage accounts using its proposed search terms is untimely. "This [C]ourt has broad discretion in ruling on a motion to compel discovery, and that discretion extends to the determination of whether a motion to compel is timely." *Africano v. Atrium Med. Corp.*, No. 17 CV 7238, 2019 WL 10891868, at *1 (N.D. Ill. Jul. 3, 2019) (internal citation omitted). Here, defense counsel and plaintiff's former attorneys had initial discussions as early as June 2023 over the search terms that both sides would use to search for responsive documents. [212-3] at ¶ 8. At the time, defendant repeatedly objected to plaintiff's proposed search terms, in particular the term "Star Registry." *See* [212-5] (email from defense counsel to plaintiff's former counsel dated June 14, 2023); [212-6] (email from defense counsel to plaintiff's former counsel dated June 22, 2023). As defendant explains, using that term would hit on every email sent to or from defendant because both words appear in its domain name and could generate up to one million documents. [212-1] at ¶¶ 7-8. The record reflects that there was some additional back-and-forth between the parties that month, but there is no evidence that plaintiff pursued the search-terms issue after that date. Indeed, despite defense counsel having pointed out immediately before the November 2024 meet-and-confer session that search terms "have long been a matter of contention between counsel," and that plaintiff had never responded to a defense invitation for further meet-and-confer efforts, *see* [208-4] 5-6, plaintiff ignored this issue in its motion. Because plaintiff has not offered any explanation for the extreme delay in bringing this issue to a head, the Court denies this part of the motion as untimely. *See Feit Elec. Co. v. CFL Techs. LLC*, No. 13 CV 9339, 2023 WL 3436346, at *7-8 (N.D. Ill. May 12, 2023) (denying motion to compel as time-barred where movant "fail[ed] to take any steps to resolve three outstanding discovery disputes between July 2021," when parties were at impasse, "and April 14, 2022," when parties held first meet-and-confer session regarding those disputes).

Third, and these procedural flaws aside, defendant has established that it conducted a reasonable search for responsive documents. King's declaration attests

3

that defendant reviewed "all documents, emails, and communications other than emails with customers, as well as all emails between RGifts and its customers that were surfaced by the search term 'international star registry.'" [212-1] at ¶ 5. Thereafter, defendant "reviewed each individual [discovery] request with counsel and followed counsel's specific instructions to ensure that it turned over all potentially relevant information." [*Id.*] at ¶ 6. The Court also observes that defendant recently produced additional emails and Slack messages, contrary to the assertions in plaintiff's motion. *See* [213] 2-3 (emails); [213-1] (Slack messages). Plaintiff's contention that there should be additional emails and Slack messages is nothing more than supposition.

For these reasons, plaintiff's motion to compel is denied as to the alleged inadequacies of defendant's search.

### B. Communications with Vendors and Contractors

Plaintiff next argues that defendant failed, in responding to RFP 3, to produce its communication with vendors and contractors. [208] 6-7. According to plaintiff, defendant identified only three such non-privileged communications. *See* [208-9] 5-6 (defendant's response to Interrogatory 11, which asked defendant to identify "each communication Defendant had with any third parties which refers, relates or mentions the Plaintiff"). In support of its claim that there must be additional unproduced documents, plaintiff notes that King testified at his deposition that defendant previously hired a TikTok influencer to promote its products, but King had not searched for or produced documents relating to the influencer. [208] 6-7.

The Court denies this part of the motion for two reasons. First, plaintiff has again failed to demonstrate that it completely exhausted meet-and-confer obligations regarding this document request before moving to compel. There is no mention of vendor or contractor communications (other than the emails and Slack messages that defendant has since produced, *see* [213] 2-3; [213-1]) in the two emails that plaintiff uses to support its motion. *See* [208-2; 208-3]. There is no mention of vendor or contractor communications in plaintiff's Local Rule 37.2 certificate. *See* [208] 11. And defense counsel have offered declarations stating that this issue was never mentioned during the November 20 meet-and-confer session. *See* [212-2] at ¶ 10; [212-3] at ¶ 10. The Court therefore finds that plaintiff did not comply with Local Rule 37.2 before moving to compel these communications. *See Little*, 2020 WL 1939358, at *7. Second, the record refutes plaintiff's claim that defendant failed to produce contractor and vendor communications. Exhibits filed in support of defendant's opposition brief include communications about plaintiff and/or this litigation that defendant had with Media Lounge (a marketing vendor), Groupon, and Facebook. *See* [213-2; 213-4; 213-5]. As for plaintiff's claim that defendant failed to produce documents relating to the TikTok influencer, defendant responds that this issue, too, was not raised at the November meet-and-confer session. *See* [212-2] at ¶ 10; [212-3] at ¶ 10, but that

4

defendant would have considered a reasonably tailored search for TikTok-related documents had the issue been timely raised. Plaintiff's failure to properly exhaust this issue precludes relief now, especially given that the fact discovery cutoff of November 22, 2024 has passed.

### C. Communications with Competitors

Finally, plaintiff argues that defendant has improperly withheld communications between defense counsel and competing star registry companies as work product and refused to prepare a privilege log. [208] 7-9. The Court disagrees. Because the communications at issue are clearly work product, and because plaintiff does not even argue that it has a substantial need for this evidence or that it cannot obtain it elsewhere without undue hardship, the Court denies this part of the motion.

Rule 26(b)(3), which codifies the work-product doctrine, provides that, "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative[.]" Fed. R. Civ. P. 26(b)(3). The doctrine also precludes discovery of "intangibles, such as interviews" conducted by counsel. *Caremark, Inc. v. Affiliated Comput. Servs., Inc.*, 195 F.R.D. 610, (N.D. Ill 2000). The work-product doctrine "protect[s] an attorney's thought processes and mental impressions against disclosure" and "limit[s] the circumstances in which attorneys may piggyback on the fact-finding investigation of their more diligent counterparts[.]" *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 622 (7th Cir. 2010). The doctrine protects both "fact" and "opinion" work product. *Appleton Papers, Inc. v. E.P.A.*, 702 F.3d 1018, 1024 (7th Cir. 2012). Fact work product is discoverable in the "rare case" where a party demonstrates a substantial need for the evidence, whereas opinion work product cannot be discovered even if there is a substantial need for it. *Walker v. White*, Case No. 16-cv-7024, 2019 WL 1953124, at *2 (N.D. Ill. May 2, 2019).

#### 1. The Communications Are Protected Work Product

Here, the only competitor communications at issue are oral communications that defense counsel had with competing star registry companies after this litigation began in December 2021.[2] According to counsel's declaration, counsel had several phone conversations with these competitors between October 2022 and July 2024; most of these conversations occurred in or before March 2023, and one occurred in July 2024. *See* [212] 12 nn. 3-4; [212-3] at ¶ 13. Counsel represents that, consistent with his ordinary practice, he did not memorialize the substance of any of these conversations. [212-3] at ¶ 13.

---

[2] King states in his declaration that "there have been no written communications between RGifts and competing star registries other than ISR." [212-1] at ¶ 13.

5

As applied to these communications, plaintiff's discovery request and motion to compel impermissibly seek discovery of defense counsel's work product. Cutting to the chase, plaintiff is asking that defense counsel be compelled to prepare written summaries of several conversations or interviews he conducted with competing star registries. But case law recognizes that an attorney's "summarizing what a witness said . . . reveals an attorney's mental processes at least to some degree and deserves *the greater protection for opinion work product.*" *Walker*, 2019 WL 1953124, at *3 (emphasis in original). Moreover, "forcing an attorney to repeat or write out all that witnesses have told him and to deliver the account to his adversary gives rise to grave dangers of inaccuracy and untrustworthiness. No legitimate purpose is served by such production." *Hickman v. Taylor*, 329 U.S. 495, 512-13 (1947). The Court therefore finds that any summary or memorialization of defense counsel's conversations with the competitors would constitute opinion work product and is not discoverable.

The Court rejects plaintiff's argument that its discovery request seeks only the discovery of facts–the identities of the competitors that counsel spoke with and the substance of counsel's conversations–and therefore does not intrude on protected work product. Generally speaking, "factual information may not be withheld under the work product doctrine[.]" *Trydel Research Pty. Ltd. v. ITW Global Tire Repair, Inc.*, No. 21 C 4977, 2024 WL 2209674, at *3 (N.D. Ill. May 15, 2024). But the relevant question is "not whether the facts are discoverable, but whether they are discoverable from [counsel]." *Walker*, 2019 WL 1953124, at *3. In other words, while "[f]acts are the subject of discovery," "certain evidence of those facts is protected by the work product doctrine, namely documents and tangible things that are prepared in anticipation of litigation." *City of Lakeland Emps. Pension Plan v. Baxter Int'l Inc.*, No. 10 C 6016, 2013 WL 2151509, at *2 (N.D. Ill. May 16, 2013). Courts in this District have accordingly recognized a "distinction between discovery requests that seek the identification of persons with knowledge about the claims or defenses (or other relevant issues)–requests that are plainly permissible–and those that seek the identification of persons who have been contacted or interviewed by counsel concerning the case." *Smith-Brown v. Ulta Beauty, Inc.*, No. 18 C 610, 2019 WL 2644243, at *5 (N.D. Ill. June 27, 2019) (internal quotation marks omitted). Here, plaintiff seeks not merely the identities of competitors with knowledge about the claims and defenses at issue. Instead, it seeks the identities of the specific competitors that defense counsel spoke with and the substance of counsel's conversations with them. This is plainly an effort to intrude into counsel's investigation of the case that is forbidden by the work-product doctrine:

> The legitimate concern of an interrogatory asking for identification of anyone defendant interviewed concerning the issues in the suit is with the identification of persons who have knowledge [of issues relevant to a claim or defense]. To go beyond that–to tell plaintiffs whom defendants have interviewed, where and when such interviews took place and

6

> whether or not a record was made–is to give plaintiffs no more knowledge of substantive relevant facts, but rather to afford them the potential for significant insights into the defense lawyer's preparation of their case (and thus their mental processes).

*Id.* (quoting *Tracy v. NVR, Inc.*, 250 F.R.D. 104, 132 (W.D.N.Y. 2008) (internal brackets added and other internal brackets omitted).

The Court therefore finds that plaintiff's effort to discover the identities of the competitors that defense counsel spoke with and what counsel learned from the competitors is barred by the work-product doctrine. *See Smith-Brown*, 2019 WL 2644243, at *5 (interrogatory asking for identity of any witnesses who were interviewed by defendant's counsel during internal investigation sought work product because "the interrogatory is asking defendants to identify the people their lawyers selected to interview, *i.e.*, to reveal their lawyers' mental processes. That is an impermissible invasion of work product."); *Walker*, 2019 WL 1953124, at *3 (denying motion to compel lawyer to identify which witnesses she and her investigators interviewed during plaintiff's underlying criminal case and observing that "Defendants are correct that just because an attorney discovers facts does not mean that those facts are cloaked with work product protection for all purposes. But the question is not whether the facts are discoverable, but whether they are discoverable from [counsel]."); *Glenn v. City of Hammond*, Cause No. 2:18-CV-150-TJS-JEM, 2023 WL 4117972, at *3 (N.D. Ind. June 21, 2023) (affirming magistrate judge's conclusion that "the work-product doctrine protects against disclosure of a list of individuals interviewed by the attorneys and their agents in relation to litigation"); *Cooper v. Rezutko*, Case No. 3:17-CV-834-PPS-MGG, 2022 WL 406387, at *6 (N.D. Ind. Feb. 10, 2022) (work-product doctrine applied to lawyer's anticipated deposition testimony about what witness told lawyer during interview because lawyer's testimony "would necessarily disclose his own oral summary, comparable to a written note or memorandum, of his investigative efforts" on client's behalf).

Finally, the Court declines to follow *E.E.O.C. v. Jewel Food Stores, Inc.*, 231 F.R.D. 343 (N.D. Ill. 2005). In that case, defendant raised a work-product objection to discovery requests asking it to identify each person from whom it had obtained a statement during an internal investigation and the substance of those statements. 231 F.R.D. at 346. Defendant contended that answering the requests would require it to state which witnesses its lawyers had interviewed during the investigation and how it had prepared to defend the litigation. *Id.* at 345-46. The court overruled the objection, finding that the requests "fall on the side of seeking permissible factual information, and not impermissibly seeking mental impressions." *Id.* at 346. Here, in contrast, plaintiff is expressly seeking communications that defense counsel had with competitors and what defense counsel learned from those competitors. *See* [208-3] 3 (email from plaintiff's counsel dated November 15, 2024 asking defense counsel to identify "which competitors you have spoken to and whether it was a written or oral

7

communication").[3] In addition, the Court is not persuaded by the conclusion in *Jewel* that a discovery request for the identities of witnesses counsel has spoken to and the substance of their statements constitutes only unprotected factual information. As the more recent cases cited above have recognized, this information is part and parcel of counsel's investigation of the case, it necessarily (if only implicitly) reveals counsel's mental processes, and is therefore protected by the work-product doctrine. *See Smith-Brown*, 2019 WL 2644243, at *5; *Walker*, 2019 WL 1953124, at *3; *Glenn*, 2023 WL 4117972, at *3; *Cooper*, 2022 WL 406387, at *6.

Finally, to the extent that the competitor communications contain fact work product as opposed to opinion work product, plaintiff has forfeited any argument that it has a substantial need for this evidence and that it cannot obtain the evidence elsewhere without undue hardship. Despite the parties having met and conferred on this issue, and despite defendant's clear invocation of the work-product doctrine during the meet-and-confer negotiations, plaintiff's motion does not argue that it has a substantial need for the evidence or that it cannot obtain it elsewhere without undue hardship. *See* [208] 7-9. These arguments have therefore been forfeited. *Cf. Cooper*, 2022 WL 406387, at *6 n.6 (holding that defendant properly raised substantial-need argument in its reply brief where plaintiff raised work-product objection for first time in response to defense motion to compel); *see also Jordan v. Gunderson*, 22-cv-692-jdp, 2024 WL 519547, at *1 (W.D. Wis. Feb. 9, 2024) (plaintiff forfeited argument raised for first time in reply brief where "defendants told Jordan why they failed to produce the video before he moved to compel" and thus plaintiff "could have raised this issue in his motion").

### 2. Related Issues

Plaintiff objects to defendant's failure to produce a privilege log describing counsel's communications with competitors. [208] 7. The Court recognizes that "oral communications arguably fall under the Rule 26 privilege log requirement," but it is "also aware of the problems associated with producing a privilege log for oral communications[.]" *Doyle v. City of Chicago*, 943 F. Supp. 2d 815, 827 (N.D. Ill. 2013). "[P]reparing a privilege log for verbal conversations attempting to parcel out what is privilege, or not, is generally uninformative and logistically awkward." *Id.* (internal

---

[3] The Court recognizes that RFP 3 does not specifically ask for counsel's communications with competitors, but more generally for all "communications with any third parties pertaining to this lawsuit." [208-5] 3 at ¶ 3. But the Court does not find, as the court in *Jewel* did, that this makes plaintiff's request permissible as applied to the competitor communication. Because defendant has properly disclosed that neither it nor its principal had written communications with competitors, *see* [208-2] 2; [212-1] at ¶ 13, plaintiff knows that the only withheld communications at issue are counsel's oral communications, *see* [208-2]. Thus, the object of plaintiff's request for all communications that defendant had with competitors "effectively constitute[s] a list of those [competitors] interviewed by [defendant's] attorneys" that is "subject to the protections of the work-product doctrine." *Glenn*, 2023 WL 4117972, at *5.

8

quotation marks omitted). Because all the communications at issue are oral conversations that have not been previously memorialized or otherwise reduced to writing, and because the Court has found that all the communications are protected work product, the Court, in the exercise of its discretion, will not require defendant to produce a privilege log. *See Prince v. Kato*, Case No. 18 C 2952, 2020 WL 7698373, at *10 (N.D. Ill. Dec. 28, 2020) (excusing defendant from providing privilege log for "oral communications between defense counsel and counsel for [a witness] for which they are asserting work product protection").

Finally, plaintiff faults defendant for not "amend[ing] its Rule 26 Disclosures to disclose the competitors that may have discoverable information and that it may use to supports [*sic*] its claim or defenses[.]" [208] 9. But plaintiff's argument simply assumes that defense counsel's communications with competitors generated information that defendant may use to support its claims or defenses. "Critically, Rule 26(a)(1)(A) is not tied to relevance. Rather, the duty to identify extends only to those witnesses, documents, and items of ESI that the party may use to support its own claims or defenses." 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 26, at 791 (2022). Accordingly, the fact that defendant has not amended its initial disclosures after defense counsel communicated with the competitors suggests that these communications generated no information that defendant will use to support its claims or defense, and the Court will not indulge plaintiff's speculation that defendant has violated its duty to supplement under Rule 26(e).

## Conclusion

Plaintiff's motion to compel [208] is denied. By January 27, 2025, plaintiff must show cause why it should not be required to pay the attorney's fees and costs that defendant incurred in opposing the motion. *See* Fed. R. Civ. P. 37(a)(5)(B).

_____
**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: January 10, 2025**