IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL STAR REGISTRY OF ILLINOIS, LTD., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 21-cv-06446<br>Judge Jeffrey I. Cummings<br>Magistrate Judge Heather K. McShain |
| RGIFTS LIMITED and MATEI SUPPLY CORP., | ) ) ) | |
| Defendants. | ) | |

**INTERNATIONAL STAR REGISTRY OF ILLINOIS, LTD.'S RESPONSE TO THE ORDER TO SHOW CAUSE REGARDING THE AWARD OF ATTORNEYS' FEES**

Pursuant to the Court's Order entered on January 10, 2025 (Dkt. 217 at 9), Plaintiff International Star Registry of Illinois, Ltd. ("ISR") submits the following response to show cause why it should not be required to pay Defendant RGifts Limited's ("RGifts") attorney's fees and costs that RGifts incurred in opposing ISR's Motion to Compel ("Motion") (Dkt. 208). Although the Court ultimately disagreed with ISR's arguments, ISR's positions were substantially justified because they were grounded in both the law and fact. Therefore, for the reasons stated below, ISR respectfully requests this Court to deny an award of fees and costs to RGifts.

**LEGAL STANDARD**

When a motion to compel is denied, the moving party is not required to pay the other party's reasonable expenses (including attorney's fees) incurred in opposing the motion if the motion was substantially justified or other circumstances make an award of expenses unjust. *Jokich v. Rush Univ. Med. Ctr.*, No. 18–cv–7885, 2020 WL 2098060, at *5 (N.D. Ill. May 1, 2020). "'Substantially justified' does not mean 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' or if reasonable people could differ as to the appropriateness

1

of the contested action." *ExactLogix, Inc. v. JobProgress. LLC*, No. 18–cv–50213, 2020 WL 13220038, at *4 (N.D. Ill. Apr. 7, 2020). Thus, when there is a genuine dispute over discovery, "the losing party is substantially justified in carrying the matter to the court and the award of expenses is not indicated." *Jokich*, 2020 WL 2098060, at *5 (internal alterations omitted).

## ARGUMENT

**I.     ISR's request to compel RGifts to search electronic accounts using narrow search terms was reasonable.**

In its Motion, ISR asked the Court to require a third-party vendor to search RGifts' electronic accounts (such as its Google Drives, Slack, etc.) using the search terms "international stary registry," "star registry," and "starregistry.com." When ISR filed its Motion, there was a genuine dispute regarding whether RGifts had conducted a proper search of its electronic accounts, and ISR had reasonably believed the parties were at an impasse regarding the issue. Moreover, RGifts' refusal to provide ISR with information regarding its search methodology that it then disclosed for the first time in its opposition to ISR's motion would make an award of fees and costs unjust. (Dkt. 212 at 4.)[1]

**A.     ISR had a reasonable basis to question RGifts' search methodology.**

While taking depositions, ISR first learned that the Defendants failed to produce responsive documents in the litigation. When ISR inquired about these documents, RGifts did not describe why it withheld these documents. Instead, RGifts provided generalized and inconsistent explanations regarding its document collection process, which raised serious questions about the completeness and accuracy of RGifts' document search, collection, and review procedures. Then,

---

[1] ISR could not file a reply brief and therefore did not have the opportunity to address this new information. (*See* Dkt. 210.)

when ISR tried to work with RGifts to resolve these concerns, RGifts obstructed ISR's inquiries by refusing to provide any details about its search methodology.

Specifically, during the deposition of Defendant Matei Supply Corp. ("Matei Supply"), ISR first learned that RGifts and Matei Supply possessed responsive internal communications, including emails and Slack messages, which had not been produced. (*See* Ex. A at 2.) The following day, ISR requested the production of these missing documents. (*Id.*) In response, RGifts represented that it had searched its Slack channels and produced responsive documents but did not explain why its search did not capture the identified Slack messages. (*See* Ex. B.)

Before the most recent extension,[2] fact discovery was set to close on October 24, 2024. (Dkt. 108.) By this date, neither RGifts nor Matei Supply had produced the communications. (*See* Dkt. 212 at 4 (confirming that RGifts produced the documents on November 22, 2024).) Further, RGifts refused to provide the search parameters it had used to conduct its search when asked. (Dkt. 208–10 § 3.) Given the unexplained gaps in production, during Mr. Rhys King's deposition on November 11, ISR asked about RGifts search methodology. (*See* Dkt. 208–1 at 320:6–321:13, 323:4–19.) Although Mr. King said he "searched everything" he refused to provide more specific information on the basis of privilege. (*E.g.*, *id.* at 321:4–13, 323:12–19.)

In ISR's view, Mr. King's assertion was contradicted by the fact that RGifts' search did not capture the requested documents, which RGifts had still not produced at the time of the deposition. (*See* Dkt. 212 at 4.) Indeed, if RGifts had searched for the phrase "international star registry," it should have discovered the emails between RGifts and Matei Supply. (*See* Dkt. 212–7.) ISR's position was also supported because RGifts had only produced a limited number of

---

[2] The fact discovery deadline was extended to November 22, 2024, to accommodate the deposition of RGifts and Mr. Rhys King, who had asked to reschedule their depositions less than 24 hours before they were originally scheduled to begin. (Dkt. 203 ¶ 6.)

3

emails, a bulk of which were advertising emails from 2022. (*See* Dkt. 208–1 at 320:6–11 (explaining that RGifts only collected "tens" of emails).)

Indeed, immediately after Mr. King's deposition, ISR sent another letter to Defendants asking them to respond to ISR's questions regarding document search efforts. (*See* Dkt. 208–3.) The questioning was reasonable and based on testimony from Matei Supply and RGifts indicating at the very least, one responsive Slack message and one responsive email between the Defendants were not produced. Even confronted with their own testimony, Defendants again refused to share how any emails or Slack messages were searched. (*See* Dkt. 208–4 at § III.) Rather, counsel for Defendants asserted "I do not recall Mr. King testifying that search terms were used to surface emails and slack messages for discovery. Rather, I recall that he testified that emails were search thoroughly, and that slack was searched the same way." (*See id.*) This timeline is critical because three days later, Defendants produced the *one* Slack message and the *one* email message that ISR had recently identified only through the depositions and that ISR had doggedly chased in the preceding weeks. This inconsistency is what ultimately led to the motion to compel discovery against RGifts.

Further, as described in Section II, *supra*, RGifts had also failed to collect communications with certain third parties. Despite these deficiencies, RGifts had refused to provide information regarding its search methodology on the basis of privilege, which ISR viewed as improper in light of the caselaw, such as *Sullivan v. F.E. Moran, Inc. Fire Protection, of Northern Illinois*. No. 16–cv–5660, 2017 WL 11884317, at *3 (N.D. Ill. May 15, 2017) ("[T]he Court finds that the question for search terms did not warrant a privilege objection . . . ."); *see also Vasoli v. Yards Brewing Co., LLC*, No. 21–cv–2066, 2021 WL 5045920, at *2 (E.D. Pa. Nov. 1, 2021) ("Thus, as neither the attorney-client privilege nor the work-product doctrine prohibit the disclosure of factual

4

information, the steps that a party took to search for and produce relevant documents are discoverable.")

Due to their refusal to disclose even the most basic search methodology, coupled with the fact that only the two communications identified and pursued by ISR were produced, ISR had every reason to believe that RGifts had failed to conduct a reasonable search and was improperly withholding its search methodology. Although the Court ultimately held that RGifts' conducted a reasonable search (Dkt. 217 at 3–4), its thorough analysis in deciding the issue supports that ISR was substantially justified in challenging RGifts' methodology. *See Jokich*, 2020 WL 2098060, at *6 (finding the motion to compel was substantially justified as "evidenced by the Court's lengthy hearing and legal analyses deciding [the issues]").

Moreover, although RGifts argued ISR's request was untimely, ISR had promptly raised the issue once it discovered that Defendants had failed to produce responsive documents. (*See* Ex. A; Dkt. 208–3 at 4–5.) In fact, ISR's requested relief was narrowly tailored to fill the gaps in RGifts' production because it requested an exact search of "international star registry," "star registry," and "starregistry.com." (Motion at 3.) Indeed, other courts have granted broader requests. *See First Niagara Risk Mgmt., Inc. v. Folino*, 317 F.R.D. 23, 27–29 (E.D. Penn. 2016). Although Mr. King asserted that searching for "star registry," with quotations, would capture all emails with the domain "@star-name-registry.com," (Dkt. 212–1 ¶ 8), ISR's understanding is using quotation marks should only produce emails that are an exact match for terms. (Ex. C; Ex. D.)

Notably, RGifts acknowledged that it may have had additional responsive documents to produce. (*See* Dkt. 212–3 ¶ 22.) Counsel represented that for the identified requests for production, they would have "considered additional searching depending on the reasonableness of ISR's

5

demands." (*Id.*) RGifts also provided the Court with extensive information regarding its search methodology (which it had refused to disclose to ISR), including the types of documents searched (email, Slack messages, other communications) and search terms used ("international star registry" for customer emails and a manual review of non-customer emails). (Dkt. 212–1 ¶ 5; Dkt. 208–3 at 4–5.) When a party has not "outright refused to respond to [] requests" and instead agrees that supplementing its response is appropriate, courts often refuse to award fees because they "cannot find that reasonable minds could not differ." *Blue v. City of Las Vegas*, No. 2:21–cv–00372, 2022 WL 2974120, at *11 (D. Nev. July 26, 2022); *see also City of Chicago v. Spielman*, No. 09–cv–6948, 2022 WL 20652617, at *3 (N.D. Ill. Aug. 17, 2022) (denying fees, in part, because the defendant agreed to produce an amended document).

Therefore, ISR had a reasonable basis to challenge RGifts' search methodology, making an award of expenses inappropriate.

**B.     ISR understood the parties were at an impasse regarding the issue.**

When ISR filed its motion to compel, it understood that the parties were at an impasse regarding whether RGifts had conducted a reasonable search, including with respect to Request Nos. 1, 3, and 19. Although the issue originally arose with respect to certain emails and Slack messages, by November 15, ISR made it clear that it was concerned about RGifts' entire document collection process. (Dkt. 208–3 at 5.) ISR had repeatedly asked RGifts to provide information regarding its search methodology. (Dkt. 208–2 at 3; Dkt. 208–1 at 321:4–13; Dkt. 208–3.) RGifts refused each time. (Dkt. 208–10 at § 3; Dkt. 208–1 at 321:4–13; Dkt. 208–4 § 3.)

In fact, during the November 20 meet and confer between counsels for ISR and RGifts, ISR raised the issue of RGifts' search methodology, and based on the discussion, understood that RGifts would not conduct additional searching. (*See* Ex. E ¶ 8; *see also* Dkt. 208–4 § 3 ("[W]e offer to review [already collected matierals] again and reconsider whether they may be responsive

6

. . . .").) In fact, RGifts only agreed to produce any Slack messages (but did not address emails) and did not address ISR's concerns about its search methodology. As the parties did not make headway on resolving the dispute, RGifts' counsel yelled that the issue of RGifts' communications with third parties was an actual dispute ready for motion practice. parties were at an impasse. (Ex. E ¶ 8.)

ISR confirmed its understanding in the Joint Status Report to the Court (Dkt. 207). The parties indicated that they had "raised issues regarding the scope of documents searched, collected, and ultimately produced." (*Id.* at 2.) ISR specifically flagged that it disagreed with RGifts' statement that only one issued remained after the meet and confer. (*Id.*) Therefore, ISR believed in good faith that the parties had reached an impasse on the issue, and it was ripe for judicial resolution.

### C. It would be unjust to award fees and costs to RGifts.

Despite repeatedly refusing to disclose information about its search parameters after ISR raised valid concerns about RGifts' discovery efforts (concerns vindicated by the fact that RGifts subsequently produced more documents), RGifts had no qualms about disclosing it to the Court in its opposition—the very information ISR sought to compel with its Motion. It would be unjust to award RGifts fees and costs that were necessitated by its own obstruction.

Indeed, before filing the Motion, ISR repeatedly asked RGifts for information regarding its search parameters. (Dkt. 208–2 at 3; Dkt. 208–1 at 321:4–13; Dkt. 208–3.) RGifts refused to provide any information, remained opaque about whether it even used search terms, and claimed the information was privileged. (Dkt. 208–10 at § 3; Dkt. 208–1 at 321:4–13; Dkt. 208–4 § 3.) Yet, in its response to the Motion, RGifts disclosed to the Court what documents it searched—such as emails, Slack messages, and other communications—and how it searched for documents—

such as by reviewing non-customer emails and using the search term "international star registry" for customer emails. (Dkt. 212–1 ¶ 5.)

This is the exact type of information that ISR sought from RGifts before it filed the Motion. If RGifts had shared this information with ISR as requested instead of making a blanket refusal, ISR may not have needed to file the Motion at all. Instead, by obfuscating its search methodology, ISR reasonably concluded that the parties were at an impasse and sought judicial assistance. Therefore, it would be unjust to award RGifts fees and costs.

**II.   ISR's request for the production of communications with third parties, including vendors and contractors, was reasonable.**

ISR had also asked the Court to compel RGifts to produce any responsive communications with vendors and contractors, such as social media influencers. (Dkt. 208 at 6.) ISR was substantially justified in seeking these documents because they were relevant and RGifts acknowledged it may have possessed additional documents. Further, ISR reasonably believed that the parties had reached an impasse regarding the issue.

**A.   There was a genuine dispute regarding communications with vendors and contractors.**

In its briefing, RGifts did not dispute that communications with vendors and contractors were relevant. (Dkt. 212 at 9–10.) Yet, RGifts did not search for or collect communications with all vendors and contracts, such as freelancer hired to create a TikTok posted. (*See* Dkt. 208–1 at 283:24–284:5, 287:9–12.) Indeed, RGifts acknowledged that it may have had additional responsive documents, including communications with the freelancer, and would have at least considered conducting a reasonable search for these documents. (Dkt. 212 at 10; Dkt. 212–3 ¶ 22.) Since RGifts did not "outright refuse[] to respond to [] requests" and agreed that additional searches might have been warranted, the Court can deny fees and costs. *See Blue*, 2022 WL 2974120, at *11; *see also Spielman*, 2022 WL 20652617, at *3. This is because reasonable minds

8

could differ on that matter. *See Blue*, 2022 WL 2974120, at *11. Further, the Court's detailed analysis of the issue supports that ISR's position was substantially justified. *See Jokich*, 2020 WL 2098060, at *6. Thus, there was a genuine dispute regarding whether RGifts had to produce these emails.

B.   **ISR reasonably believed the parties reached an impasse.**

During the November 20 meet and confer, ISR raised the issue of communications with the TikTok freelancer and other influencers. (Ex. E ¶ 9.) RGifts did not offer to search for or identify these communications. (*Id.*) Rather, RGifts stated there were no communications. (*Id.*) However, given that RGifts had hired the freelancer, there must have been some sort of communications (whether written or oral) between them. Further, RGifts failure to produce these third-party communications validates ISR's overarching concerns about RGifts' compliance with its obligations to search for and produce responsive documents. Again, RGifts represented that it had conducted a reasonable search. (*E.g.*, Dkt. 208–1 at 323:12–19.) Yet, RGifts' did not collect communications with the freelancer even though the TikTok post used ISR's trademark INTERNATIONAL STAR REGISTRY, (*id.* at 284:18–24) which is one of the search terms ISR proposed in its Motion. (Motion at 3.)

Therefore, ISR understood that RGifts would not be searching for or producing additional documents and reasonably believed the parties had reached an impasse. Indeed, ISR confirmed its understanding in the Joint Status Report to the Court, where it noted that it disagreed with RGifts' statement that only one issued remained after the meet and confer. (Dkt. 207.) Since there was a genuine dispute regarding communications with vendors and contractors, RGifts is not entitled to an award of fees and costs.

### III. ISR was substantially justified in seeking RGifts' communications with competitors.

ISR had also requested the Court to compel RGifts' to produce communications with competitors. (Motion at 5.) ISR's position was substantially justified because the parties reasonably disputed whether RGifts' could withhold communications under the work production doctrine. Further, given RGifts only disclosed information regarding these communications after ISR filed its Motion, an award of expenses would be unjust.

#### A. ISR's arguments that the work product doctrine did not apply were grounded in law and fact.

Courts in this district have held that communications with third parties, even by counsel, are discoverable and not protected as work product. *See E.E.O.C. v. Jewel Food Stores, Inc.*, 231 F.R.D. 343 (N.D. Ill. 2005). Although the Court did not reach the same conclusion as the *Jewel Food* court, such Northern District of Illinois precedent supports that reasonable individuals could disagree on whether the work product doctrine applied. *See Crabtree v. Experian Info. Sols., Inc.*, No. 1:16–cv–10706, 2017 WL 4740662, at *3 (N.D. Ill. Oct. 20, 2017) (denying a fee request because there was a genuine dispute regarding whether documents were protected by privilege).

What's more, as with its search methodology, RGifts disclosed more information to the Court than it did to ISR during the parties' discussions regarding these disputes. (*Compare* Dkt. 208–4 § I and Dkt. 208–10 § 1 *with* Dkt. 213–3.) In its brief, counsel represents that during initial conversations, he freely disclosed that he made phone calls to several competitors, most of which occurred on or before March 2023, and that he did not take written notes. (Dkt. 213–3 ¶¶ 12–13.) Based on ISR's records, ISR never received this information. (Ex. E.) Consistent with this, RGifts refused to disclose any aspect of its communications with third parties. (Dkt. 208–4 § I ("Regardless, any such communications that actually occurred are entirely privileged.").) For instance, RGifts did not even disclose if these communications were verbal or written. (*E.g.*, Dkt.

208–10 § I.) Given the lack of information, ISR reasonably challenged RGifts' work product claim. *See Coltec Indus., Inc. v. Am. Motorists Ins. Co.*, 197 F.R.D. 368, 371, 373 (N.D. Ill. 2000) (finding it insufficient to make a blanket claim of work product).

While the Court found the work product doctrine applied, its lengthy legal analysis in deciding the issue supports that ISR's position was substantially justified. *Jokich*, 2020 WL 2098060, at \*6. Thus, there was a genuine dispute regarding whether RGifts' properly withheld communications with competitors and RGifts is not entitled to fees and costs.

**B.     It would be unjust to award fees and costs to RGifts.**

Once again, before filing the Motion, ISR had requested information from RGifts that could have helped resolve ISR's concerns. (Dkt. 208–2 at 2; Dkt. 208–3 at 2–3.) And again, RGifts refused (Dkt. 208–4 § I; Dkt. 208–10 § I) and then proceeded to provide the very same requested information to the Court. (Dkt. 212–3 ¶¶ 12–13.) If RGifts had provided this information, then ISR may not have had to file its Motion. An award to RGifts of fees and costs for a dispute it unnecessarily created would be unjust.

## **CONCLUSION**

Based on the foregoing, ISR respectfully requests this Court refuse to award fees and costs to RGifts. ISR was substantially justified in bringing its Motion given the merit of its arguments and ISR reasonably believed the parties had reached an impasse on the issues based on the multiple rounds of letter practice and meet and confers. It would be unjust to award RGifts fees and costs when RGifts refused to provide information to ISR that may have prevented the filing of the Motion. Therefore, RGifts is not entitled to fees and costs.

Dated: January 27, 2025　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Olivia Bedi*
　　　　　　　　　　　　　　　　　　　　　　　Olivia Bedi
　　　　　　　　　　　　　　　　　　　　　　　Kalia Coleman
　　　　　　　　　　　　　　　　　　　　　　　Keyonn L. Pope
　　　　　　　　　　　　　　　　　　　　　　　Shaun Zhang
　　　　　　　　　　　　　　　　　　　　　　　Edgar Matias
　　　　　　　　　　　　　　　　　　　　　　　RILEY SAFER HOLMES & CANCILA LLP
　　　　　　　　　　　　　　　　　　　　　　　1 South Dearborn Street, Suite 2200
　　　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60603
　　　　　　　　　　　　　　　　　　　　　　　Tel: 312-471-8700
　　　　　　　　　　　　　　　　　　　　　　　obedi@rshc-law.com
　　　　　　　　　　　　　　　　　　　　　　　kcoleman@rshc-law.com
　　　　　　　　　　　　　　　　　　　　　　　kpope@rshc-law.com
　　　　　　　　　　　　　　　　　　　　　　　szhang@rshc-law.com
　　　　　　　　　　　　　　　　　　　　　　　ematias@rshc-law.com

　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff International Star Registry of Illinois, Ltd.*

**CERTIFICATE OF SERVICE**

This is to certify that on January 27, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Konrad Val Sherinian
Depeng Bi
Jeffrey Stephen Dixon
The Law Offices of Konrad Sherinian, LLC
1755 Park Street
Suite 200
Chicago, IL 60563
Tel. (630) 318-2606
ksherinian@sherinianlaw.net
ebi@sherinianlaw.net
jdixon@sherinianlaw.net

                                        */s/Olivia Bedi*
                                        Olivia Bedi