IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

INTERNATIONAL STAR REGISTRY
OF ILLINOIS, LTD,

    Plaintiff,

v.

RGIFTS LIMITED,

and

MATEI SUPPLY CORP.,

    Defendants.

Civil Action No. 21-CV-6446

District Judge Sharon J. Coleman

Magistrate Judge Heather K. McShain

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT IN PART PURSUANT TO RULE 12(c)**

I.   **STATEMENT OF ISSUES**

In deciding this motion, this Court must decide the following issues:

1) The Illinois Trademark Act requires an active Illinois state trademark registration before a claim can be filed. 765 ILCS 1036/60. At the time of filing this lawsuit, ISR did not possess an Illinois state trademark registration for any of its asserted marks. Should any claim filed by ISR under the Illinois Trademark Act be dismissed?

2) To plead a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq., a Plaintiff must allege that it was deceived by a misrepresentation of Defendant. *Tri-Plex Tech. Services v. Jon-Don, LLC*, No. 129183 at *9 (Ill. 2024). ISR has not pleaded any misstatement of fact by RGIFTS, let alone that it was deceived and harmed by any such misstatement. Should any claim filed by ISR under the Illinois Consumer Fraud and Deceptive Business Practices Act be dismissed?

3) A claim for Illinois Trademark Dilution cannot be asserted against a competitor. *AHP Subsidiary Holding Co. v. Stuart Hale Co.*, 1 F.3d 611, 619 (7th Cir. 1993). ISR has pleaded that Defendants are its competitors. Complaint at ¶¶ 29, 30. Should ISR's claim for Illinois Trademark Dilution be dismissed?

II.  **INTRODUCTION**

Count III of Plaintiff's complaint includes spurious claims under the Illinois Trademark Infringement and Consumer Fraud and Deceptive Business Practices Acts, and Count V of Plaintiff's complaint consists of a spurious claim under the Dilution Statute of the State of Illinois Pursuant to Rule 12(c), this Court should dismiss those claims, because ISR failed in each instance to state a claim on which relief can be granted.

Rather, ISR's attempts to assert these Illinois state law claims fail as a matter of law, based on the plain language of the asserted statute in question and/or in view of controlling precedent, and there is no argument that a good-faith basis exists for any of them. In particular, the Illinois Trademark Act requires an active Illinois state trademark registration before a claim can be filed, 765 ILCS 1036/60, and ISR has not pleaded in its Count III, nor can it plead, that it has any such registration. *See* Exh. A. As to its consumer fraud claim under 815 ILCS 505/1(e), the Illinois Supreme Court has held that in order to establish proximate causation, such a private cause of action must allege that *plaintiff* was deceived by a deceptive act or practice by the defendant and was harmed by the deception. ISR has not pleaded any such deception in its Count III. *Tri-Plex Tech. Services v. Jon-Don, LLC*, No. 129183 at *9 (Ill. 2024). Finally, the Court of Appeals for the Seventh Circuit has held that an Illinois state law claim for trademark dilution under 765 ILCS 1036 cannot be asserted against a competitor. *AHP Subsidiary Holding Co. v. Stuart Hale Co.*, 1 F.3d 611, 619 (7th Cir. 1993).

Accordingly, ISR has failed to adequately plead its Illinois state law claims of (1) trademark infringement (Count III), (2) consumer fraud (Count III), and (3) trademark dilution (Count V) as a matter of law, and this Court should therefore dismiss Count III in part and Count V in its entirety. In addition, fact discovery is closed in this case as of November 22, 2024 [Dkt. 205]. Therefore, the claims should be dismissed with prejudice, as the time has passed for Plaintiff to produce evidence (1) that ISR possesses an Illinois state trademark, (2) that ISR was deceived by Defendants and harmed by such deception, or (3) that ISR and RGIFTS are *not* competitors, as respectively required to

sustain its aforementioned Illinois state trademark infringement, consumer fraud, and trademark dilution claims.

This Motion is timely, as no deadline has been set for the filing of dispositive motions in this case.

### III. ISR's Count III Claims Under the Illinois Trademark Act and the Illinois Consumer Fraud and Deceptive Business Practices Act Are Entirely Spurious as ISR Has No Illinois Registration for any Asserted Mark and ISR Has Not Pleaded or Produced Evidence that it Was Deceived By Defendants

#### A. Count III: Illinois Trademark Infringement

ISR does not possess an active Illinois state trademark registration. *See* Exh. A. Infringement under the Illinois Trademark Act requires an Illinois trademark registration. 765 ILCS 1036/60 (stating that "a person shall be liable in a civil action *by the registrant* . . . if the person: (a) uses, without the consent of the *registrant*, any reproduction . . . of a *mark registered under this Act* . . .; or (b) reproduces, counterfeits, copies, or colorably imitates any such mark . . .")(emphasis added). ISR has not pleaded (nor can it plead) that it has any active Illinois trademark registration for the marks asserted in this case. *See* Exh. A. Accordingly, any claim of trademark infringement under the Illinois Trademark Act in the complaint is entirely frivolous, and the Court should therefore dismiss any such claim from Count III with prejudice.

#### B. Count III: Consumer Fraud and Deceptive Business Practices

A private cause of action for consumer fraud under the Illinois Consumer Fraud and Deceptive Business Practices Act is only available to a "person who suffers actual damage as a result of a violation of [the] Act." 815 ILCS 505/10a(a). The Illinois Supreme Court has long held that "[t]he 'as a result of' language in section 10a(a) imposes an obligation upon a private individual seeking actual damages under the Act to 'demonstrate

3

that the fraud complained of proximately caused' those damages in order to recover for his injury." *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 140 (2002), *citing Zekman v. Direct American Marketers, Inc.*, 182 Ill. 2d 359, 373 (1998). Further, "to properly plead the element of proximate causation . . . , a plaintiff must allege that he was, in some manner, deceived." *Id.* at 155. Accordingly, a person who asserts a private cause of action under section 10a(a) of the Act must allege (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, (4) actual damage to the plaintiff that was (5) proximately caused by the deception. *Tri-Plex Tech. Services v. Jon-Don, LLC*, No. 129183 at *9 (Ill. 2024). Thus, to prove its claim under the Act, ISR must show that ISR itself was deceived by a misrepresentation made by Defendants. *Id.* ISR has not pleaded or produced evidence of any misstatement of fact by either Defendant, let alone that ISR itself was deceived and harmed by any such misstatement. Accordingly, any claim under the Illinois Consumer Fraud and Deceptive Business Practices Act is frivolous, and the Court should therefore dismiss this claim of Count III with prejudice.[1]

**IV.     ISR'S Count V for Dilution Under Illinois Law is Entirely Frivolous**

ISR also attempts to assert an Illinois state law claim for trademark dilution under 765 ILCS 1036/65, the sole claim alleged in Count V of its Complaint. *See* Complaint ¶¶ 53-55. For numerous reasons, including that no mark asserted by ISR is famous, this claim is entirely frivolous. However, the simplest reason that this claim is frivolous is that ISR and RGIFTS are competitors, and Illinois state law claims for trademark dilution

---

[1] Combining several claims under one Count of the complaint in this manner, under three different Acts from two different chapters of the Illinois Compiled Statutes, gives the impression of a poorly considered attempt to obscure the baldly spurious nature of the state law trademark infringement and consumer fraud claims.

4

cannot be asserted against competitors, under binding Seventh Circuit authority. *AHP Subsidiary Holding Co. v. Stuart Hale Co.*, 1 F.3d 611, 619 (7th Cir. 1993)("[T]he protection of the Illinois Anti-Dilution statute is not available to competitors under Illinois case law."); *Joshi v. Joshi*, No. 18-CV-5426 * 13 (N.D. Ill. Aug. 1, 2019)(*citing AHP*).

The Seventh Circuit rule accords with longstanding Illinois state court precedent. *See, e.g., Edgewater Beach Apts. V. Edgewater Beach Mgt.*, 12 Ill. App. 3d 526, 534 (Ill. App. Ct. 1973) In particular, the court in *Edgewater* noted that the "Anti-Dilution Statute provides protection for a strong trade name or trademark from deleterious effects of the use of a similar name or mark by another person *when said person is not in competition with the holder* and no likelihood of confusion will result from its usage." *Id.* (emphasis added). The court further observed that "[w]here traditional remedies under theories of unfair competition are available, relief under the statute should not be granted." *Id.* Therefore, the court held that the Anti-Dilution Statute was "inapplicable" to a case in which the parties were competitors. *Id.*

There is no dispute that ISR and RGIFTS are competitors, and ISR has admitted to the same by alleging unfair competition by Defendants in Counts II and IV of its Complaint under §43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and the common law, respectively. *See* Complaint ¶¶ 34–47, 51–52. More particularly, ISR alleges that Defendants designate "nearly identical types of products and services to those offered by the Plaintiff, together with star naming materials or fulfillment materials with similarities to the type of materials offered by Plaintiff," Complaint ¶ 37, and that Defendants, through

the use of RGIFTS' own mark and business name STAR NAME REGISTRY,[2] have "engaged in unfair methods of competition" with ISR, see Complaint ¶ 52. Notably, ISR realleges paragraphs 34-47 and 51-52, constituting the entirety of its Counts II and IV, in its Count V for dilution under Illinois law. See Complaint ¶ 53.

As ISR admits that RGIFTS is a competitor, claims for dilution under Illinois state law are not available. Accordingly, ISR's Count V has been frivolous on its face since the day that it was filed, and it should be dismissed with prejudice.

## V. CONCLUSION

ISR's Illinois state law claims for trademark infringement under 765 ILCS 1036/60 (Count III), consumer fraud under 815 ILCS 505 (Count III), and trademark dilution under 765 ILCS 1036/65 (sole claim of Count V) are insufficient on their faces. As to Illinois trademark infringement, ISR has not pleaded, nor can it plead that it has an Illinois state trademark registration for any of the asserted marks, as required by the language of the statute. As to Illinois consumer fraud, ISR has not even pleaded, let alone produced any evidence, that it was deceived by any act of RGIFTS, as required to plead its Count III claim for consumer fraud or deceptive business practices, 815 ILCS 505/1 et seq. Likewise, ISR's claim for dilution under Illinois law is entirely frivolous, as dilution is not a cause of action available to competitors of a defendant under binding Seventh Circuit precedent.

---

[2] Defendant MATEI has disputed that the fulfillment services it performs on behalf of RGIFTS constitute "use" of the mark STAR NAME REGISTRY, for example in its discovery responses. To the extent that this amounts to a dispute by MATEI that it is a competitor of ISR, this is immaterial to the sufficiency of ISR's Count V, which fails to allege any use by MATEI of the accused infringing marks for its fulfillment services or for any other goods or services that those which ISR alleges to be "nearly identical" to those offered by ISR. See, e.g., Complaint ¶¶ 37, 53 (realleging ¶ 37).

For the reasons set forth above, this Court should dismiss each of the aforementioned claims of the Plaintiff's Complaint pursuant to Rule 12(c), as Plaintiff has failed in each instance to state any claim on which relief may be granted. Moreover the claims should be dismissed with prejudice, as it is too late for Plaintiff to produce the deficient evidence required to sustain its claims.

Respectfully submitted,

Date:   February 24, 2025            By:   /s/ Konrad Sherinian
                                                                                                         An attorney for Defendants

<u>Attorneys for Defendants</u>

Konrad Sherinian
Email: ksherinian@sherinianlaw.net
Edward Bi
Email: ebi@sherinianlaw.net
Jeffrey S. Dixon
Email: jdixon@sherinianlaw.net

The Law Offices of Konrad Sherinian, LLC
1755 Park Street, Suite # 200
Naperville, Illinois 60563
Phone: (630) 318-2606
Fax: (630) 364-5825
Email: courts@sherinianlaw.net