IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL STAR REGISTRY OF ILLINOIS, LTD., an Illinois Corporation,<br><br>Plaintiff/Counter Defendant,<br><br>v.<br><br>RGIFTS LIMITED, a UK Company,<br><br>Defendant/Counter Claimant<br><br>and,<br><br>MATEI SUPPLY CORP., a California Corporation,<br><br>Defendant. | Civil Action No. 21–cv–06446<br><br>Hon. Jeffrey I. Cummings<br>Hon. Heather K. McShain |

### PLAINTIFF INTERNATIONAL STAR REGISTRY OF ILLINOIS, LTD.'S MEMORANDUM IN SUPPORT OF ITS OPPOSED MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff International Star Registry of Illinois, LTD ("ISR") respectfully moves for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) to withdraw part of Count III and the entirety of Count V from Plaintiff's original Complaint.

### BACKGROUND

1. ISR filed its Complaint in this case on December 2, 2021. Dkt. 1. In the Complaint, ISR asserted claims for: (i) Federal Trademark Infringement, (ii) Federal Unfair Competition, (iii) Violations of the Illinois Trademark Act (765 ILCS 1036/1 *et seq.*), Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1–12), and Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1–7), (iv) Illinois Common Law Unfair

1

competition, and (v) Dilution under Illinois Law. *Id.* ¶¶ 31–55.

2. Almost three years later, on November 27, 2024, Defendants RGIFTS Limited and Matei Supply Corp. (collectively "Defendants") served a letter purportedly under Rule 11(c)(2) ("Rule 11 Letter") improperly demanding that ISR dismiss its *entire* case against Defendants. Defendants' Rule 11 Letter is attached as **Exhibit A**.

3. On December 18, 2024, ISR responded to Defendants' Rule 11 Letter, highlighting its failure to comply with the requirements of Rule 11. Defendants' letter contravened well-established legal principles by inappropriately attempting to litigate the merits of ISR's claim. ISR's response to the Rule 11 letter is attached as **Exhibit B**.

4. Two months passed without response from Defendants. Then, on February 19, 2025 (the day before the parties' opening expert reports were due (Dkt. 209)), Defendants notified ISR that it intended to file a motion for judgment on the pleadings for three claims from the Complaint. Attached as **Exhibit C** is the correspondence between counsel regarding Defendants' proposed motion.

5. Specifically, Defendants sought to dismiss ISR's claims for violations of the Illinois Trademark Act 765 ILCS 1036/1 *et/seq.* and Consumer Fraud under the Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505/1–1 from Count III, and Dilution under Illinois Law from Count V (the "Subject Claims"). *Id.*

6. Defendants gave ISR *one day* notice of its intent to file its motion and demanded that ISR represent whether it opposed the motion, without providing explanation or legal authority for its proposed motion. *Id.* ISR requested the basis of Defendants' proposed motion to dismiss and additional time to evaluate Defendants' claims. *Id.* Defendants contended that its basis was set forth under the Rule 11 Letter, even though Rule 11 applies a different legal

standard than a Rule 12(c) motion. *See id.*

7. On February 24, 2025, ISR responded to Defendants. Attached as **Exhibit D** is Plaintiff's response. ISR explained that, in its Rule 11 Letter, Defendants had relied on selective information and documents uncovered during the litigation, including documents that Defendants had failed to produce. *Id.* Therefore, a motion for judgment on the pleadings would not be proper. *Id.* Still, in a good faith effort to resolve the dispute and conserve Court and party resources, ISR explicitly confirmed that it would not pursue the Subject Claims and offered to amend its Complaint to remove the Subject Claims. *Id.* In fact, ISR provided a proposed amended complaint and a proposed joint stipulation to file the amended complaint. *Id.*

8. Defendants refused to consent to file ISR's proposed amended Complaint, even though it would have fully addressed their concerns, claiming it could "effect [*sic*] RGIFTS ability to recover its fees in preparing the motion to dismiss." Ex. C at p. 4. Instead, Defendants proceeded to file its motion. Dkt. 221.

**ARGUMENT**

9. Federal Rule of Civil Procedure 15(a)(2) allows a party to "amend its pleadings only with opposing party's written consent or the court's leave." "The court should freely give leave when justice so requires." *Id.*

10. "Leave to amend should be freely given '[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment.'" *McDaniel v. Loyola University Medical Center*, 317 F.R.D. 72, 76 (N.D. Ill. 2016) (internal citations and quotations omitted). None of these situations apply.

3

11. ISR seeks to amend its Complaint for the first time in this action, for good cause, and with due diligence under the circumstances. Specifically, ISR only seeks leave to amend its Complaint to *narrow* the counts within its Complaint in the interest of judicial efficiency.

12. ISR submits a signed version of its proposed Amended Complaint attached as **Exhibit E**.

13. Pursuant to the Court's standing order, ISR also submits a "redline" copy of the proposed Amended Complaint depicting the minimal changes between the original Complaint and the proposed Amended Complaint, attached as **Exhibit F**.

14. "Undue delay is most likely to result in undue prejudice when a combination of factors—delay in proceedings without explanation, no change in the facts since the filing of the original complaint, and new theories that require additional discovery—occur together." *McDaniel,* 317 F.R.D. at 76.

15. ISR does not seek to change the nature of its claims or allegations, merely to narrow its claims. Nor does it seek to add any parties, claims, or additional allegations. As a result, no additional discovery will be necessary, and the case schedule does not need to be modified. Notably, ISR timely moved for leave to file the proposed amended complaint and provided Defendants a draft within a few days of them raising the issue. Ex. C at p. 4. Thus, there is no undue delay resulting in undue prejudice to Defendants.

16. Additionally, courts have found that leave to amend a complaint will result in unfair prejudice to the nonmoving party when the amended complaint would: "require the non-moving party to engage in substantial discovery"; deprive the non-moving party of summary judgment victory after filing a motion for summary judgment; and introduce an entirely new legal theory, thus requiring discovery to be reopened and forced duplication of efforts. *J.P.*

*Morgan Chase Bank, N.A. v. Drywall Service & Supply Co., Inc.*, 265 F.R.D. 341, 352 (N.D. Ind. 2010).

17. Defendants will not suffer unfair prejudice if the Court grants ISR's motion for leave to amend its Complaint. Additional discovery will not be necessary, Defendant has not moved for summary judgment, no new legal theories are being introduced, and discovery does not need to be reopened, nor will any discovery be duplicated. It is wholly unreasonable for Defendants to suggest otherwise.

18. Moreover, in its motion for judgment on the pleadings, Defendants conveniently omit ISR's offer to amend its Complaint in accordance with Defendants' requests. *See generally* Mem. ISO Defs.' Mot. to Dismiss Pl. Complaint (Dkt. 222). Defendants fail to identify any prejudice they would face from ISR filing an amended complaint. *Id.* Instead, Defense Counsel merely states, in its Statement Regarding Briefing Schedule, that "[Plaintiff's Counsel] would agree to a stipulation allowing it to amend its Complaint. … Defense Counsel rejected this proposal." Dkt. 221. Neither Defendants' Memorandum, nor its Statement Regarding Briefing Schedule, explains the reasoning behind rejecting ISR's stipulation to amend its Complaint and its proposed First Amended Complaint. This omission is telling.

19. Defendants have made it clear that their opposition to ISR filing an amended complaint is rooted in a concern that it could "effect [*sic*] RGIFTS ability to recover its fees in preparing the motion to dismiss." Exhibit C at 4. It is inappropriate for Defendants to request the Court to compel ISR to pay these fees, especially since the attorney time, fees, and costs associated with preparing the motion were incurred before meeting and conferring with ISR's Counsel. Additionally, the fees spent on meeting and conferring are part of reasonable litigation and should not be shifted to ISR. Defendants' blatant gamesmanship, attempting to force ISR to

bear the cost of their unnecessary litigation strategy, is wholly unjustifiable and a waste of the Court's (and parties') resources. Defendants are not entitled to any fees associated with its motion to dismiss.

20. Defendants' decision to reject ISR's proposed stipulation to amend the complaint and instead pursue a less efficient pathway could be sanctionable by the court. Streamlining the legal issues will reduce the burden on the Court and judicial system, thus favoring leave to amend ISR's Complaint and ultimately leading to a speedier resolution. *J.P. Morgan*, 265 F.R.D. at 346 (explaining that Courts may consider the burden on the judicial system and public's interest in the speedy resolution of legal disputes when determining whether to grant leave to amend).

21. ISR earnestly sought to resolve the issues raised by Defendant without requiring Court intervention by proposing a stipulation to amend the complaint to drop the Subject Claims. However, Defendants refused to cooperate and filed their motion instead. This gamesmanship has driven ISR to seek leave of the Court. Ex. C at 4–5; Ex. D at 2. Defendants' refusal to allow ISR to amend the complaint necessitates dual briefing schedules, ultimately creating unnecessary work for the court. This intransigence in the face of a reasonable offer highlights Defendants' approach to this litigation.

22. Accordingly, with no "declared or apparent reason" to the contrary, granting ISR's motion for leave to file an amended complaint is both proper and necessary to prevent further superfluous litigation stemming from Defendants' unnecessary motion.

## CONCLUSION

23. For the reasons explained above, ISR respectfully requests that the Court grant its motion for leave to file the proposed Amended Complaint, attached as **Exhibit E**.

Date: February 25, 2025

Respectfully submitted,

*/s/ Olivia Bedi*
Olivia Bedi
Kalia Coleman
Keyonn L. Pope
Shaun Zhang
Edgar Matias
**RILEY SAFER HOLMES & CANCILA LLP**
1 South Dearborn Street, Suite 2200
Chicago, IL 60603
Tel: 312-471-8700
obedi@rshc-law.com
kcoleman@rshc-law.com
kpope@rshc-law.com
szhang@rshc-law.com
ematias@rshc-law.com

*Counsel for Plaintiff International Star Registry of Illinois, Ltd.*

**CERTIFICATE OF SERVICE**

This is to certify that on this 25th day of February 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Konrad Val Sherinian
Depeng Bi
Jeffrey Stephen Dixon
The Law Offices of Konrad Sherinian, LLC
1755 Park Street, Suite 200
Chicago, IL 60563
Tel. (630) 318-2606
ksherinian@sherinianlaw.net
ebi@sherinianlaw.net
jdixon@sherinianlaw.net

*/s/ Olivia Bedi*
Olivia Bedi