# EXHIBIT B



Olivia Luk Bedi<br>
312.471.8765<br>
obedi@rshc-law.com

December 18, 2024

*Via Email*
Konrad Val Sherinian
Depeng Bi
Jeffrey Stephen Dixon
The Law Offices of Konrad Sherinian, LLC
1755 Park Street, Suite 200
Naperville, IL 60563
Tel. (630) 318-2606
ksherinian@sherinianlaw.net
ebi@sherinianlaw.net
jdixon@sherinianlaw.net

Re: **INTERNATIONAL STAR REGISTRY OF ILLINOIS, LTD v. RGIFTS LIMITED and MATEI SUPPLY CORP., Case No. 21-cv-06446**

Dear Konrad:

We write in response to your November 27, 2024, letter ("Letter") threatening sanctions under Federal Rule of Civil Procedure 11(b) and 28 U.S.C. § 1927. We strongly disagree with your contention that ISR's claims are "spurious" and that our advocacy efforts to enforce ISR's trademark rights are sanctionable. Moreover, your Letter is a dispositive motion in disguise—which is not the purpose of Rule 11.

Courts have long disapproved of using Rule 11 "as an additional tactic of intimidation and harassment" and cautioned that this behavior "invite[s] retribution from courts which are far from enchanted with such abusive conduct." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 485 (3d Cir. 1987). To curtail abusive practices, courts may impose sanctions when the Rule is invoked for an improper purpose. *Id.*

Since you are not invoking Rule 11 for a proper purpose, as described in more detail below, you must withdraw the Letter or risk being sanctioned by the Court.

**I. The Letter Fails to Comport with the Warning-Shot Requirement of Rule 11.**

In a footnote, you assert that you complied with the warning-shot requirement imposed by Rule 11(c)(2) via a "detailed letter." (*See* Letter at 1 n.1.) We disagree.

Konrad Sherinian
Page 2
December 18, 2024

Although the Seventh Circuit has recognized "substantial compliance" may satisfy Rule 11's warning-shot requirement, it has recently acknowledged that this theory is likely invalid because it contradicts the plain language of Rule 11 and the "clear explanation from the Advisory Committee." *See N. Ill. Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 887 (7th Cir. 2017). Relying on substantial compliance "at least in the present landscape, [is] inviting possible *en banc* and/or Supreme Court review of the question." *Id.* at 888 n.5. The Seventh Circuit then explained that it "should not be difficult for a party who is serious about seeking Rule 11 sanctions to comply with Rule 11(c)(2)." *Id.* However, you failed to serve a motion on ISR. Your conduct highlights why Rule 11 requires serving a motion. If you had drafted a motion, it would have been evident that you failed to precisely identify the purported sanctionable conduct and were improperly arguing the merits of the case.

Further, even under the substantial compliance theory, the Letter is inadequate. The warning-shot requirement serves three functions: (i) stresses the seriousness of a sanctions motion, (ii) defines precisely the conduct at issue, and (iii) marks the start of the safe-harbor period. *Id.* at 888. However, the Letter fails on all three counts. Notably, the Letter relies on contradictory assertions regarding pre- and post-complaint conduct, obfuscating what you are asserting is improper. For example, you claim that "this case was filed without an adequate pre-filing investigation" and the "complaint is clearly flawed." (Letter at 1, 14.) Yet, you rely on information that was obtained or produced during discovery, most of which was produced by RGifts or Matei Supply Corp. (*See, e.g., id.* at 7 (" . . . as evidenced in the scores of examples *produced by Defendants* in the documents . . . .") (emphasis added), 14 ("ISR has failed to *produce* any credible evidence of infringement." (emphasis added), Ex. A.))[1] However, you fail to explain how discovery, particularly discovery in the Defendants' possession, connects to ISR's pre-filing investigation and thus leaves ISR guessing what conduct you are alleging is sanctionable.

Compounding the confusion, neither defendant filed a Rule 12(b)(6) motion to dismiss ISR's claims (despite filing a motion to dismiss based on personal jurisdiction) and instead waited three years into the litigation (and after the close of fact discovery) to raise these purported issues. Based on this conduct, RGifts must plainly concede that

---

[1] Fact Discovery is now closed, and RGifts and Matei Supply represented to the Court that written discovery is complete. (Dkt. 207.) Thus, ISR objects to your reliance on documents not produced in discovery. (*E.g.*, Letter Exhibit C.)

Konrad Sherinian
Page 3
December 18, 2024

discovery was required to adjudicate ISR's claims and that ISR's pre-suit investigation was proper.

Given your contradictory position, we are in the dark regarding specifically what conduct you take issue with, cannot assess whether you are serious, and dispute that the Letter triggered the safe-harbor period. *See N. Ill. Telecom*, 850 F.3d 880 at 888. Therefore, the Letter did not satisfy the warning-shot requirement.

## II. Your Rule 11 Letter Improperly Seeks to Litigate the Merits of this Case.

Although stylized as a letter for sanctions, the Letter is actually a dispositive motion in disguise. This is not a proper use of Rule 11. "Rule 11 is a sanction; it is not a mechanism by which to resolve substantive legal issues in deciding whether to dispose of a claim." *In re Unified Messaging Sols., LLC Pat. Litig.*, 2013 WL 5405698, at *5 (N.D. Ill. Sept. 25, 2013), *aff'd*, 708 F. App'x 1013 (Fed. Cir. 2017). The Advisory Committee to the 1993 Amendment explained:

> Rule 11 motions . . . should not be employed . . . to test the legal sufficiency or efficacy of allegations in the pleadings . . . . Nor should Rule 11 motions be prepared to emphasize the merits of a party's position . . . [or] to intimidate an adversary into withdrawing contentions that are fairly debatable . . . .

Contravening these well-established legal principles, you improperly argue the legal and factual merits of ISR's federal and state law claims, relying on (cherry-picked) information and documents produced during discovery (and new documents the defendants did not produce during discovery). (*See generally* Letter.) Tellingly, although you contend that ISR's complaint is "flawed," you never filed a 12(b)(6) motion to dismiss the complaint and waited until after the close of fact discovery—three years after the complaint was filed—before raising these issues. This is yet another reason why you must acknowledge that discovery was necessary to resolve ISR's claims.

## III. The Letter Concocts "Factual Misstatements" in the Complaint.

In the Letter, you wrongly assert that the complaint contains "factual misstatements." (Letter at 9.) However, your accusations are based on a misreading of the complaint, further highlighting the improper nature of the Letter. Notably, RGifts has

Konrad Sherinian
Page 4
December 18, 2024

not identified any errors in the calculations in the Complaint. Even if there were errors, however, none rise to the level of a Rule 11 violation because RGifts' claims relate to nothing more than inconsequential differences in calculations.

First, you allege that the evidence of record does not support that ISR has made over four million dollars annually based on average sales over the past twenty-five years because "ISR has not had sales in excess of four million dollars for many years." (*Id.* at 9.) The allegation states that *on average*, ISR made over four million dollars annually. (Compl. ¶ 18.) By definition, the average annual sales will sometimes be higher than the annual sales in certain years.

Next, you challenge ISR's contention that it has named over two million stars. (Letter at 9 (citing Compl. ¶ 19).) Without any evidence, you argue that ISR "has registered, at most, a few hundred thousand stars." (*Id.* at 9.) Once again, you are wrong. As part of its production, ISR produced a digital version of *Your Place in the Cosmos, Volume X*. (*See* ISR1000376.) This digital version contains over 700 pages of named stars. (ISR1000412–ISR1001118.) This document alone contains "a few hundred thousand stars." (*See id.*) And ISR has published eleven volumes of *Your Place in the Cosmos* to date. (*See* Stolpe Dep. Tr. at 94:11–14.)

Beyond being factually incorrect, RGifts' arguments are once again inconsistent with Rule 11. The Advisory Committee Comments explain that "Rule 11 motions should not be made or threatened for minor, inconsequential violations of the standards prescribed by subdivision (b)." *See also Fed. Deposit Ins. Corp. v. Tekfen Const. & Installation Co.*, 847 F.2d 440, 444 (7th Cir. 1988) ("[T]he fact that one argument in an otherwise valid paper is not meritorious "does not warrant a finding that the motion or pleading is frivolous or that the Rule has been violated.") In the Letter, you acknowledge that ISR has made millions of dollars in sales in recent years and named a few hundred thousand stars. (*See* Letter at 9–10.) However, you failed to explain how any purported differences in the exact number of sales or named stars rise beyond minor, inconsequential violations. (*See id.*)

IV. Conclusion.

By responding to your Letter, we do not waive any rights or objections to any motion you may file. But should you file a motion based on the erroneous points you raise in your letter; we will ask the court for sanctions. As always, we invite you to discuss

Konrad Sherinian
Page 5
December 18, 2024

resolving this litigation at any time so that our clients can focus on business rather than litigation.

                Sincerely,

                Olivia Luk Bedi