IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL STAR REGISTRY, OF ILLINOIS, LTD., | ) ) ) | |
| Plaintiff, | ) ) ) | No. 21 CV 6446 |
| v. | ) ) ) | Judge Jeffrey I. Cummings |
| RGIFTS LIMITED and MATEI SUPPLY CORP., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court are defendants' motion for judgment on the pleadings pursuant to Rule 12(c) [221] and plaintiff's motion for leave to file an amended complaint [224]. For the reasons set forth below, plaintiff's motion for leave to file an amended complaint [224] is granted and defendants' Rule 12(c) motion [221] is denied as moot. Plaintiff shall promptly file the amended complaint as a separate docket entry. Defendants shall file their amended answer by August 25, 2025. The Court notes that fact and expert discovery are substantially complete, notwithstanding any discovery required following a ruling on plaintiff's partial motion to dismiss defendants' counterclaims. The previously set July 11, 2025 tracking status hearing is stricken and re-set to September 29, 2025 at 9:00 a.m. (to track the case only, no appearance is required).

## STATEMENT

On December 2, 2021, International Star Registry ("ISR") filed a five-count complaint against RGIFTS and Matei alleging that they infringed upon ISR's trademarks by using those marks, as well as "confusingly similar" marks and names, to advertise and sell their competing star naming services. (Dckt. #1 ¶¶29-30). Specifically, ISR alleged that defendants promoted its own services using ISR's marks and used "confusingly similar" marks and names to deceive customers into believing that their products were associated with ISR. (*Id*.). Based on these allegations, ISR asserts claims against defendants for: (1) federal trademark infringement; (2) federal unfair competition; (3) Illinois trademark infringement, consumer fraud, and deceptive trade practice; (4) common law unfair competition; and (5) dilution.[1]

On November 27, 2024, (three years after the case was filed), defendants served plaintiff with a letter pursuant to Rule 11, demanding that ISR dismiss its entire case within twenty-one days, or face sanctions. (Dckt. #225-1). In the Rule 11 letter, defendants argued, *inter alia*, that (1) plaintiff's trademarks were generic (or, alternatively, descriptive); (2) plaintiff's complaint

---

[1] In response, defendants have asserted various counterclaims, some of which are subject to a fully briefed motion to dismiss. The Court will issue a separate order on that motion in due course.

included multiple factual misstatements; (3) plaintiff has not produced any evidence of infringement; and (4) certain counts, including Counts III and V are frivolous. ISR responded to defendants' Rule 11 letter on December 18, 2024, asserting that the letter was "actually a dispositive motion in disguise," which "is not the purpose of Rule 11." (Dckt. #225-2). ISR also argued that defendants' letter was procedurally deficient because it failed to comply with Rule 11. There is no indication the parties discussed the Rule 11 letter any further following this exchange.

A few months later, on February 19, 2025, defense counsel e-mailed plaintiff's counsel to advise her that defendants intended to move pursuant to Rule 12(c) to dismiss Count III (in part) and Count V (in total) of plaintiff's complaint (hereinafter, the "Subject Claims"), and asked plaintiff to respond the following day if it opposed the motion and, if so, a proposed response deadline. (Dckt. #225-3 at 8). When prompted by plaintiff's counsel to provide the basis of the forthcoming Rule 12(c) motion, defense counsel indicated that "the basis of the motion is set forth in the earlier [RULE 11] letter." (*Id*. at 7). The parties then agreed to an extended deadline for plaintiff to provide its position on the motion. (*Id*. at 6-7).

On the date of the agreed upon deadline, plaintiff notified defendants that although it opposed the basis of defendants' Rule 12(c) motion (and in turn its Rule 11 letter), "to avoid unnecessary motion practice and to resolve the issue, ISR confirms that it does not intend to pursue the Subject Claims in the litigation." (Dckt. #224-4 at 3). In other words, whether by stipulation or through an amended complaint with leave of Court, plaintiff agreed to drop the claims that were the subject of defendants' Rule 12(c) motion. Nonetheless, defendants refused to agree to this plan because, in their view, doing so could affect defendants' "ability to recover its fees in preparing the motion to dismiss as well as in defending against the spurious claims after the expiration of the safe harbor period" in the Rule 11 letter. (Dckt. #224-3 at 4). Accordingly, notwithstanding plaintiff's agreement to drop the Subject Claims, defendants proceeded to file their Rule 12(c) motion for judgment on the pleadings for those same claims. In response, plaintiff filed its motion for leave to amend the complaint to withdraw the Subject Claims. For the following reasons, and within the Court's discretion, plaintiff's motion for leave to amend is granted.

To begin, pursuant to Rule 15(a), the Court "should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a); *see also Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357-58 (7th Cir. 2015) ("The Supreme Court has interpreted this rule to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend."). However, "[d]elay on its own is usually not reason enough for a court to deny a motion to amend." *McDaniel v. Loyola Univ. Med. Ctr.*, 317 F.R.D. 72, 76 (N.D.Ill. 2016), *quoting Soltys v. Costello*, 520 F.3d 737 743 (7th Cir. 2008); *see also Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004) ("Delay, standing alone, may prove an insufficient ground to warrant denial of leave to amend the complaint; rather, the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar filing.") (cleaned up). Ultimately, "'[t]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court.'" *Soltys*, 520 F.3d at 743, *quoting Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002)).

2

Here, although plaintiff *could* have acted sooner in seeking leave to withdraw the Subject Claims, any resulting prejudice to defendants by allowing plaintiff to do so now is lacking. To be sure, at a minimum, the record reflects that defendants: (1) waited three years to serve their Rule 11 letter; (2) did not thereafter move for sanctions in a separate motion as required under Rule 11; and (3) instead chose to proceed with a Rule 12(c) motion. Within one week of receiving defendants' proposed Rule 12(c) motion, plaintiff agreed to withdraw the Subject Claims, and has since repeatedly confirmed that it does not intend to pursue those claims. Plaintiff also acted promptly to file its motion for leave to amend after defendants refused to agree to a stipulation regarding the withdrawal of the Subject Claims. Moreover, defendants have not persuasively identified any prejudice it will face if the Court grants plaintiff leave to amend. On the contrary, plaintiff's amended complaint will narrow the claims and issues before the Court, thereby preserving the resources of the parties and the Court, and defendants have not specifically identified what discovery, if any, could have been avoided had plaintiff acted earlier.

Finally, defendants' request that the Court award fees and costs in defending against the Subject Claims is denied. As plaintiff correctly notes, defendants' request is improperly based on Rule 41, which—in the Seventh Circuit—applies to the voluntary dismissal of the *entire action*, not certain claims. *See Taylor v. Brown,* 787 F.3d 851, 857 (7th Cir. 2015) ("Although some courts have held otherwise, we've said that Rule 41(a) does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action'—which is to say, the whole case.") (cleaned up); *see also Dr. Robert L. Meinders, D.C., Ltd. v. United Healthcare Servs., Inc.*, 7 F.4th 555, 559 (7th Cir. 2021) ("[W]e again remind parties and district courts that Rule 15(a) is the better course for voluntarily dismissing individual parties or claims in the future.").

For all of these reasons, plaintiff's motion for leave to file an amended complaint, (Dckt. #224), is granted and defendants' Rule 12(c) motion for judgment on the pleadings as to those same claims, (Dckt. #221), is denied as moot.

**DATE: August 4, 2025**

**Jeffrey I. Cummings**
**United States District Court Judge**